**Harry J. COLEMAN, III, Plaintiff,**

v.

**T. D. HUTTO, etc. et al., Defendants.**

**Civ. A. No. 80–0221–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 20, 1980.

Harry J. Coleman, III, pro se.

Guy W. Horsley, Jr., Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

Harry J. Coleman, III, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that he had been subject to an unreasonable search when subjected to a body cavity search while confined at the Powhatan Correctional Center. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343. The case was referred to a United States Magistrate pursuant to 28 U.S.C. § 636(b)(1)(B) for an evidentiary hearing. The magistrate has filed his proposed opinion and plaintiff has filed his objections thereto renewing his demand for trial by jury.

Plaintiff has filed no objection to the summary of the testimony of the witnesses filed with the proposed opinion and the Court accepts those summaries as establishing the facts recited therein.

The *uncontradicted* facts, considered in the light most favorable to plaintiff, establish that all inmates returning from a contact visit are routinely strip–searched. Plaintiff had had a contact visit and was strip–searched by a correctional officer (presumably Officer Martin). As he was buttoning his shirt, defendant Hinton arrived and stated that he would strip–search the plaintiff. Plaintiff protested that he had just been searched, but the officer (Martin) did not confirm that fact. He remained silent. Plaintiff undressed and submitted again to a strip–search. (A strip–search consists solely of visual examination. There is no physical contact.) Defendant Hinton thought he observed a string protruding from plaintiff's rectum and asked plaintiff what it was. Plaintiff did not deny the existence of the string. If anything, he confirmed its presence when he told Hinton it was the end of a string on a tampon.

Defendant Hinton related his observations to defendant Halsey, who ordered plaintiff be escorted to the dispensary where Halsey performed a visual inspection of plaintiff's rectum. He did not observe the string, but, relying on defendant Hinton's statement, believed plaintiff had something concealed in his rectum. He was aware that inmates in the past had smuggled drugs into the institution by concealing them in their rectum.

Following Institution Guideline 411, he contacted the medical department and requested a body cavity search be performed. The only person available to conduct the probe was defendant Reid, a licensed practical nurse.

■ There is no conflict in the evidence as to what occurred from the time plaintiff was first subjected to a strip–search until he was subjected to the body cavity search. The Court is satisfied beyond any doubt that plaintiff has not been able to establish any facts which would entitle him to relief against defendants Hinton and Martin.

■ On the other hand, there is a clear conflict in the evidence as to what occurred after plaintiff arrived at the dispensary. The Court has no doubt that defendant Halsey's decision to order a body cavity search of plaintiff was reasonable based on the information provided by Sgt. Hinton, notwithstanding the fact that his own visual examination of plaintiff's rectum did not reveal the presence of a string. However, the Court cannot conceive of any possible reason to conduct a body probe of plaintiff's rectum, if, as plaintiff testified, he had just finished giving himself an enema in the presence of defendant Halsey.

While both defendant Reid and defendant Halsey testified the body probe preceded the enema, plaintiff's testimony to the contra has established a genuine issue of a material fact which remains in dispute. Accordingly, that portion of the proposed opinion of the magistrate which purports to find that the body probe preceded the enema will be rejected. In all other respects, the proposed opinion of the magistrate will be adopted and summary judgment shall be entered for defendant Hinton.

Because there are genuine issues of fact in dispute, the Court must decide the manner in which they will be resolved. It is possible to construe 28 U.S.C. § 636(b)(1)(B) in such a manner as to leave the resolution of those issues for the district judge based on the record of the hearing before the magistrate, without the intervention of a jury. To do so, however, would pose serious constitutional issues which the Court is satisfied was not the intent of Congress. On the other hand, it is clear that in passing the provisions of 28 U.S.C. § 636(b)(1)(B)

Congress did intend to relieve the ever increasing backlog of litigation requiring the direct and constant attention of the district judge. That backlog in most instances has been created by the flood of prisoner petitions complaining about the conditions of their confinement. The factual issues in these cases are almost uniformly simple albeit increasingly in dispute.[1]

In keeping with the intent of Congress, this Court has referred "prisoner cases" to a United States Magistrate for a hearing and report pursuant to 28 U.S.C. § 636(b)(1)(B). The function of the magistrate under that section is to develop all of the facts necessary to enable a district judge to enter a final order disposing of the case. The specific intent of the statute was to relieve the district judge of the burden of conducting a trial in every prisoner case where there is conflicting evidence with regard to a material fact in dispute. *Cf. U. S. v. Raddatz,* —— U.S. ——, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

■ It is important to note that the authority of the magistrate to conduct the hearing and to make a recommendation to the Court in *prisoner cases* is entirely independent of the consent of the parties. *See Smith v. Hartman,* 609 F.2d 510 (4th Cir. 1979) (unpub.) (copy attached); *compare* 28 U.S.C. § 636(b)(1)(B) with 28 U.S.C. § 636(b)(2) and 28 U.S.C. § 636(c).

■ In the event the district judge accepts the recommendation of the magistrate, he may enter judgment in accordance therewith. That judgment is a judgment on the merits, notwithstanding the prisoner–plaintiff's argument that he is entitled to a trial before a district judge. *See Smith v. Hartman, supra. Cf. U. S. v. Raddatz, supra.*

The Fourth Circuit Court of Appeals has consistently affirmed final orders entered by district judges based on the recommendations of magistrates after a hearing pursuant to 28 U.S.C. § 636(b)(1)(B). *See, e. g.,*

1. The typical case involves a prisoner's complaint that he was assaulted by a corrections officers who in turn denies the charge.

*Smith v. Hartman, supra; Thacker v. Davis, et al.,* 615 F.2d 1358 (4th Cir. 1980) (unpub.); *Huff v. Stacy,* 622 F.2d 584 (4th Cir. 1980) (unpub.).

The instant case clearly falls within the ambit of 28 U.S.C. § 636(b)(1)(B), since it involves a prisoner petition complaining about the conditions of his confinement. The fact that the plaintiff has filed a timely demand to have the factual issues determined by a jury should not and does not alter the nature of the case. If 28 U.S.C. § 636(b)(1)(B) is to mean anything at all, it must be construed to authorize a district judge, in his discretion, to designate a magistrate to conduct a full and complete hearing to the end that it does not require a district judge to retry a case on the precise issues which were before the magistrate. And, where there is a timely demand for a jury, the authority vested in the district judge must include the authority to order the magistrate to conduct a hearing with a jury and to include the verdict of the jury in his report and recommendation. The Court can find no constitutional or statutory requirement that an Article III judge preside over all jury trials. To the contra, upon consent of the parties, a trial by jury may be had before a magistrate without the intervention of an Article III judge. *See* 28 U.S.C. § 636(c). Of course, there has been no consent in the case at bar, but no consent is required when a district judge refers a prisoner case to a magistrate pursuant to 28 U.S.C. § 636(b)(1)(B). *See Smith v. Hartman, supra.*

While there is no case directly in point, two cases touch on the constitutional question of whether a magistrate may preside over a civil jury trial. Neither involved a construction of 28 U.S.C. § 636(b)(1)(B). The first case, *Sick v. City of Buffalo,* 574 F.2d 689 (2nd Cir. 1978), involved a reference of a case to a magistrate for a trial by jury pursuant to the consent of the parties. It is not at all clear how the case was referred but the Court assumed that it was pursuant to the provisions authorizing the appointment of a magistrate to act as a special master. It further assumed that the magistrate had jurisdiction to try a civil case with a jury upon consent of the parties. However, the Court never reached the merits of the case. Instead, it dismissed the appeal on the grounds that the order from which the appeal was taken was not a "final order," because it was not an order entered by an Article III judge. Apparently, the district judge did not review any part of the case after it was referred to the magistrate.

The Court stated:

Appeal dismissed; judgment vacated; cause remanded for (1) consideration by district judge of the magistrate's denial of motion for judgment notwithstanding the verdict, dismissal of the complaint, and any other legal errors raised during the trial; and (2) entry of judgment in accordance with the district court's conclusion on review.

*Id.* at 694. Unfortunately, the disposition on remand is not reported.

The second case to consider the jurisdiction of a magistrate to preside over jury trial was *Muhich v. Allen,* 603 F.2d 1247 (7th Cir. 1979). In that case, plaintiff filed an action pursuant to 42 U.S.C. § 1983 alleging discriminatory employment practices. There was a stipulation and consent to trial before the magistrate upon which the order of reference was made pursuant to 28 U.S.C. § 636(b)(3).[2] The case proceeded to trial before the magistrate with a jury. At the close of plaintiff's case, the magistrate directed a verdict in favor of certain defendants. Thereafter, the jury returned a verdict in favor of the remaining defendants, and the magistrate entered judgment therein. However, the magistrate subsequently entertained doubts as to the propriety of directing a verdict and entering judgment on a jury verdict. Consequently, he filed a report and recommendation that the district court find that the directed verdict and the jury verdict, as well as the denial of plaintiff's motion for a

---

**2.** That section reads: A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States. 28 U.S.C. § 636(b)(3).

new trial, were supported by the evidence and law applied thereto. He further recommended that the Court order the clerk to enter judgment on the jury verdict. Along with his recommendation, the magistrate submitted the transcript of the proceedings and other pertinent documents. The Court followed the magistrate's recommendation. Plaintiff then appealed arguing that the trial before the magistrate was constitutionally and statutorily infirm. The Court rejected these arguments.

The Court held that the procedure of referring the case to a magistrate did not violate Article III of the Constitution stating,

> ... Magistrates, as Article I judicial officers, are appointed to a term of office by the judges of each United States district court and are, therefore, officers of the district court. 28 U.S.C. § 631. As such, magistrates are subject at all times to the direction, supervision and control of the district courts. Thus, when a civil case properly within the jurisdiction of an Article III court is tried before a magistrate pursuant to an order of reference by the district court, jurisdiction remains vested in the district court and is merely exercised through the medium of the magistrate.... In this case, the district court retained its jurisdiction over the litigation by exercising its supervisory powers in the form of *de novo* review and by invoking its exclusive authority to order the entry of final judgment.

*Id.* at 1251.

It is important to note that this case did *not* involve a prisoner complaint concerning the conditions of his confinement. Thus, 28 U.S.C. § 636(b)(1) could not be invoked as authority for the order of reference. Instead, the Court relied on 28 U.S.C. § 636(b)(3) and Local Rule 38(b)(5)(C) of the district court for the Eastern District of Illinois. That rule granted authority for the magistrate to hear and determine all motions to conduct the trials, make findings of fact and conclusions of law and to enter final judgments in those cases where the parties consented in writing to the jurisdic-

tion of the magistrate. Neither the Local Rule nor 28 U.S.C. § 636(b)(3) mention specifically that the magistrate is authorized to conduct a jury trial.

The Court found nothing in the Constitution or statute which required an Article III judge preside over all jury trials. It is also important to note that the requirement of a written consent is not found in the pertinent section of the Act, 28 U.S.C. § 636(b)(3). It was a requirement imposed by a local rule. The case would clearly support the hypothesis that a reference pursuant to 28 U.S.C. § 636(b)(1)(B) would encompass authority for the magistrate to impanel a jury to try a case brought by a *prisoner* complaining of the conditions of his confinement even in the absence of a consent by the parties.

However, *Hill v. Jenkins*, 603 F.2d 1256 (7th Cir. 1979), involved a prisoner who had alleged his personal property had been taken during a shakedown and not returned. Plaintiff made timely demand for trial by jury. The case was initially referred to a magistrate who conducted the evidentiary hearing without impaneling a jury, however. At the hearing, plaintiff testified, called witnesses, cross–examined witnesses and introduced other evidence on his behalf. The magistrate ordered the parties to file their findings of fact and conclusions of law, which defendants did. However, neither the plaintiff nor the magistrate filed any findings or recommendations. The district court then adopted the defendant's proposed findings of fact and conclusions of law, *verbatim*.

On appeal, the Court held that the manner in which the proceedings were conducted before the magistrate constituted a bench trial and not an evidentiary hearing pursuant to 28 U.S.C. § 636(b)(1)(B). Thus, it held that a prerequisite to the jurisdiction of the magistrate was the written consent of the parties, presumably pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 35. *See Muhich, supra.*

The rationale of this case cannot be reconciled with decisions of the Fourth Circuit

which, while not published,[3] have consistently held that a reference from a district judge pursuant to 28 U.S.C. § 636(b)(1)(B) authorizes the magistrate to take evidence, call witnesses and, in short, to do everything which the Court in *Jenkins* held constituted a trial on the merits. As previously discussed, there is nothing in the Constitution or statute which requires a consent by the parties as a prerequisite to a referral of a "prisoner case" to a magistrate. *See Smith v. Hartman, supra.*

Moreover, it is the stated policy of this Court, "... to make full use of the services and assistance of magistrates to the fullest extent allowed by law and commensurate with their availability...." Rule 29(N)(1)(a), Rules of the United States District Court for the Eastern District of Virginia.

 In keeping with this policy and with the clear intent of Congress, the Court concludes that it has the authority to direct the magistrate to impanel a jury,[4] to hear the evidence,[5] and to render a verdict concerning the factual issues in dispute and, thereafter, to file his report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties will be provided an opportunity to object to the report and the Court will retain jurisdiction over the case until the entry of a final order of judgment. In this manner, the rights of the parties will be protected. Since the Court may correct any errors which may occur in the proceedings before the magistrate, it may under the law set aside all proceedings before the magistrate, impanel its own jury and try the case, if such drastic action becomes necessary. 28 U.S.C. § 636(b)(1)(C).

Finally, plaintiff claims that one of the defendants herein was overheard to say he had a private conversation with the magistrate in which he was assured the case would never get to trial. Based upon this claim and because the magistrate denied certain of his motions, plaintiff has suggested that the magistrate is prejudiced against him. The Court is unimpressed with such allegations and, to the extent the claims may be an objection to the proceedings before the magistrate, it is overruled.

An appropriate order shall issue.

---

3. *See, e. g., Smith v. Hartman, supra; Thacker v. Davis, supra; Retter v. Lyons*, 622 F.2d 586 (4th Cir. 1980) (unpub.).

4. The United States Magistrate to whom this matter will be referred has been certified to conduct jury trials by order of this Court entered October 25, 1979.

5. The parties are entitled to a jury determination of factual issues in cases arising under 42 U.S.C. § 1983. *See Burt v. Abel*, 585 F.2d 613, 616 (4th Cir. 1978); *Cf. Chapman v. Kleindienst*, 507 F.2d 1246 (7th Cir. 1974).