**Leonard Carl LUGENBEEL, Jr.**

v.

**C.O. Richard Alan SCHUTTE, et al.**

**Civ. No. Y–84–1262.**

United States District Court, D. Maryland.

Jan. 11, 1985.

Leonard C. Lugenbeel, Jr., pro se.

Gertrude C. Bartel, Asst. Atty. Gen., Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

The prisoner plaintiff in this case filed suit alleging that he was beaten in violation of his civil rights. Following a show cause order, the defendants filed an answer and moved to dismiss, and the case was referred to Magistrate Smalkin. The order of reference specified that the case was being referred to the magistrate "for processing and disposition as a complaint challenging conditions of confinement filed under 42 U.S.C. § 1983."

Magistrate Smalkin conducted a scheduling conference at which the plaintiff indicated that he wished to have a jury trial before a district judge. The plaintiff had earlier requested a jury trial in a letter which had escaped notice until that time. Given the timely request and the plaintiff's refusal to consent to a trial conducted by the magistrate, the magistrate returned the case to the district court, indicating that he had no authority to conduct a jury trial in the absence of consent.

■ For the following reasons, this Court holds that the magistrate does have the authority, upon designation by a district judge, to conduct a trial before a jury and submit the jury's findings as part of his report and recommendation when the trial concerns a prisoner petition challenging the conditions of confinement. This case will be returned to the magistrate for continued processing, and if necessary for a trial conducted in accordance with the terms of this Memorandum. This Court will retain jurisdiction over the case and will have the exclusive authority to enter judgment under any circumstances.

Section 636(b)(1)(B) of the Magistrate's Act (28 U.S.C. § 636(b)(1)(B)), provides that a district judge may designate a magistrate to conduct hearings and to submit to a judge proposed findings of fact and recommendations for the disposition, by a judge of the court, of prisoner petitions challenging the conditions of confinement. This provision is separate from the provision which allows a magistrate to conduct a civil trial and enter final judgment with the consent of the parties. § 636(b)(2). The Fourth Circuit has held that a prisoner petition may be referred to a magistrate despite the parties' objections. *Orpiano v. Johnson,* 687 F.2d 44 (4th Cir.1982); *see Smith v. Hartman,* 609 F.2d 510 (4th Cir. 1979) (unpublished). Those cases did not involve jury trials, however.

In *Coleman v. Hutto,* 500 F.Supp. 586 (E.D.Va.1980), the Eastern District of Virginia held that even where a prisoner has

made a timely demand for a jury trial, the magistrate may conduct the hearing with a jury and include the jury verdict in his report and recommendation. The court noted that the function of the magistrate under the statute is to develop all the facts necessary to enable a district judge to enter a final order disposing of the case. The court also noted that the specific intent of Congress in enacting the statute was to relieve the district judge of the burden of conducting a trial in every prisoner case where there is conflicting evidence with regard to a material fact in dispute. *Coleman*, 500 F.Supp. at 588. Thus, the court found:

> If 28 U.S.C. § 636(b)(1)(B) is to mean anything at all, it must be construed to authorize a district judge, in his discretion, to designate a magistrate to conduct a full and complete hearing.... And, where there is a timely demand for a jury, the authority vested in the district judge must include the authority to order the magistrate to conduct a hearing with a jury and to include the verdict of the jury in his report and recommendation.

*Coleman*, 500 F.Supp. at 589. After deciding that there was no constitutional bar to a magistrate conducting a jury trial in the case of a prisoner petition, the court concluded that it had the "authority to direct the magistrate to impanel a jury, to hear the evidence, and to render a verdict concerning the factual issues in dispute and, thereafter, to file his report and recommendation pursuant to 28 U.S.C. § 663(b)(1)(C). The parties will be provided an opportunity to object to the report and the Court will retain jurisdiction over the case until the entry of a final order of judgment." *Coleman*, 500 F.Supp. at 591.

The Fifth Circuit recently reached the opposite conclusion in *Ford v. Estelle*, 740 F.2d 374 (5th Cir.1984), concluding that the Magistrate's Act does not authorize the reference of a prisoner's civil rights action to a magistrate for a jury trial absent the consent of the parties. In reaching this conclusion, the appellate court relied on the availability of *de novo* review by the district judge as a safeguard when prisoner petitions are referred to a magistrate. The court found that Congress, in choosing to allow reference of prisoner petitions, relied on the simple notion that the judge was to be the ultimate decisionmaker to protect the statute from constitutional infirmity. Even in a non-jury trial conducted by a magistrate, the court observed, the safeguarding role of the district judge in reviewing *de novo* the magistrate's action was preserved because the district judge "would still remain free to look behind the magistrate's recommendation in order to revisit the record *de novo*." Because a jury trial before the magistrate involves fact-finding "intrinsically incapable of review *de novo*," the court held that the reference of a jury trial to a magistrate was not authorized by § 636(b)(1)(B).

■ *Ford* did not discuss the fact that the district judge does retain the ability to review *de novo* all legal rulings of the magistrate and to ensure that every stage of the trial was properly conducted. Thus, the judge does retain complete control of the disposition of the case. Of course, the district judge cannot review *de novo* the jury's findings of fact. Even if the trial were conducted by a district judge, however, the judge could not revisit the record and review a jury's factual findings. The judge's proper role in reviewing a jury trial conducted by a magistrate is functionally equivalent to the role a judge would play if the judge conducted the jury trial. In other words, the role of a judge is to ensure that the evidence is properly admitted, the instructions properly given, and the trial otherwise properly conducted, so that the jury's fact-finding process is not prejudiced by any errors of law. That role may be performed by the district judge whether or not he actually conducts the trial. The judge or magistrate in a jury trial has no fact-finding function, and no ability to review the fact-finding of a jury except to ensure that the verdict is supported by the evidence. If it is not, the judge may direct a verdict or enter a judgment notwithstanding the verdict. Those are legal decisions which the judge, reviewing the record cre-

ated by the magistrate conducting the trial, can make upon a *de novo* review.

■ *Ford v. Estelle, supra,* does not discuss one basic fact. In holding that the magistrate could not conduct a jury trial in a prisoner's civil rights case, the court seemed to require a review by the district judge that would not be available even if the district judge were to conduct the trial. When the plaintiff chooses to proceed before a jury, the plaintiff loses the right to have the judge conduct a *de novo* review of factual determinations. This is true whether the jury is impaneled before a magistrate or before a judge. The litigants have not been deprived of their right to have the case decided by an Article III judge, as the district judge remains the final decision-maker in any prisoner case referred to a magistrate for disposition. The district judge's power to review *de novo* the legal rulings of the magistrate, and to enter a judgment notwithstanding the verdict if necessary, protects the rights of the litigants to exactly the same extent that those rights would be protected if the judge were to conduct the trial.*

In enacting § 636(b)(1)(B), Congress indicated its intention to relieve district judges of the burden of fact-finding in prisoner cases involving the conditions of confinement. As the district court noted in *Coleman v. Hutto,* 500 F.Supp. 586, 588 (1980), "the factual issues in these cases are almost uniformly simple albeit increasingly in dispute," citing "the typical case [which] involves a prisoner's complaint that he was assaulted by a corrections officer who in turn denies the charge." 500 F.Supp. at 588, n. 1. The *Coleman* court held that "the fact that the plaintiff has made a

timely demand to have the factual issues determined by a jury should not and does not alter the nature of the case." 500 F.Supp. at 589. It remains a prisoner petition challenging the conditions of confinement, and as such may be referred to a magistrate for processing.

This matter will be referred to the magistrate for his report and recommendation on its ultimate disposition. Should the case require a trial, the magistrate may impanel a jury, conduct the trial, and obtain the jury's verdict on the factual issues in dispute. The magistrate will then include the jury's verdict in his report and recommendation to this Court.

This Court will retain jurisdiction over the case and has exclusive authority to enter final judgment. Upon receiving the jury's verdict, the Court will ensure that it is supported by the evidence and the law as applied. If the verdict is supportable by the evidence, the Court will adopt it. The Court will also review *de novo* those portions of the magistrate's report to which there have been objections by the parties. If there are no objections or if the Court finds that the magistrate's decision was correct, the Court will adopt the magistrate's recommendation for the disposition of the matter. The Court may correct any error that may occur in the proceeding before the magistrate. Thus, the Court may set aside all proceedings before the magistrate, impanel its own jury, and re-try the case, if such drastic action becomes necessary.

In this way, the rights of all parties will be protected.

---

* The *Ford* court also found significance in the fact that Congress, in another section of the Magistrate's Act, required consent of the parties before allowing a magistrate to conduct a civil trial. *See Ford v. Estelle,* 740 F.2d 374 at 379; 28 U.S.C. § 636(c). Overlooked is the fact that § 636(c) authorizes a magistrate to enter a *final* judgment after a reference for trial. In a reference of a prisoner petition under § 636(b)(1)(B), the magistrate is not authorized to enter judgment, but only to recommend a disposition which the district court may then accept or reject. The fact that consent is required in order to allow a magistrate to enter judgment is not an indication that Congress intended that consent would be required for a magistrate to conduct a jury trial and then submit the findings to the district judge. This Court cannot agree that the interaction between § 636(b) and § 636(c) is indicative that Congress did not authorize reference of prisoner cases to a magistrate for jury trial. In fact, it is apparent that Congress did authorize such a reference under § 636(b)(1)(B).