In re Lee Odith WICKLINE, Petitioner,

**United States, Intervenor.**

No. 85–2338.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1986.

Decided July 22, 1986.

J. Earlene Farr, Kansas City, Mo., for petitioner.

Linda Silberman, Washington, D.C., for intervenor.

Rosalynn Van Geest, Jefferson City, Mo., for respondent.

Before LAY, Chief Judge, ROSS and WOLLMAN, Circuit Judges.

ROSS, Circuit Judge.

Petitioner Lee Odith Wickline seeks a writ of mandamus compelling the district court to vacate its order referring his civil rights case to the magistrate for a jury trial without his consent. Because we conclude that no statutory authority exists for nonconsensual reference of a prison conditions case to a magistrate for jury trial, we grant the writ.

## I. Background

Petitioner, an inmate of the Missouri State Penitentiary, filed a *pro se* complaint under 42 U.S.C. § 1983 to challenge the dietary programs of the prison facility in 1982. Pursuant to 28 U.S.C. § 636(b)(1)(B),[1] the district court referred the case to the magistrate for determination of all pretrial matters. A pretrial hearing was conducted and the defendant prison officials were ordered to file an answer to the complaint. Defendants filed an answer and demanded a jury trial, which they later waived. Petitioner then demanded a jury trial and refused to consent to the magistrate's jurisdiction.

Upon petitioner's objection, the magistrate indicated that the action would be returned to the district court. Rather than accept the return of this action, the district court referred the case to the magistrate for the purpose of conducting the jury trial

notwithstanding petitioner's objection. The district court analyzed 28 U.S.C. § 636 and concluded that there existed no constitutional or statutory bar to the magistrate conducting a jury trial regardless of the parties' consent, in the case of a prisoner petition challenging conditions of confinement.

On October 3, 1985, Wickline petitioned for a writ of mandamus to compel the district court to withdraw the reference to the magistrate. This court's jurisdiction was invoked pursuant to 28 U.S.C. § 1651,[2] and the remedy of mandamus to determine the right to jury trial is well settled. *In re Vorpahl*, 695 F.2d 318, 319 (8th Cir.1982).

On appeal petitioner takes the position that 28 U.S.C. § 636(b)(1)(B) does not authorize reference of prisoner petitions to magistrates for jury trial on the merits without consent of the parties.[3] Invited to intervene, the United States also argues that such reference is beyond the district court's statutory authority. The defendant prison officials, represented by the Attorney General of Missouri, consider the reference permissible under the statute, arguing that nothing in the statute precludes it.

## II. Discussion

This case presents a question of statutory construction and one that is of first impression in this circuit. We must decide whether Congress, through 28 U.S.C. § 636(b)(1)(B) authorizes district courts to refer jury trials in prisoner petition cases to magistrates without the consent of the parties. To decide this issue we will exam-

---

1. Section 636(b)(1)(B) provides in part:
   (B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

2. 28 U.S.C. § 1651 provides in relevant part:
   (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their re-

spective jurisdictions and agreeable to the usages and principles of law.

3. As an alternative to the statutory issue, petitioner also asserted that the magistrate's conduct of a jury trial, in the absence of the parties' consent, would violate Article III of the Constitution and the seventh amendment. Because we find the statutory issue dispositive, we need not address the constitutional issues. *Lorillard v. Pons*, 434 U.S. 575, 577, 98 S.Ct. 866, 868, 55 L.Ed.2d 40 (1978); *see In re Snyder*, —— U.S. ——, 105 S.Ct. 2874, 2880, 86 L.Ed.2d 504 (1985).

ine the language of the statutory provision, the context in which it appears, and the case law.[4] *See, e.g., Premachandra v. Mitts,* 753 F.2d 635, 637–41 (8th Cir.1985) (en banc).

We begin by looking at the statutory provision itself, for we believe that the ordinary meaning of its language expresses the legislative purpose. *Premachandra, supra,* 753 F.2d at 637. Section 636(b)(1) provides in pertinent part:

> (B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, * * * of prisoner petitions challenging conditions of confinement.

> (C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

Our examination of this provision convinces us that Congress did not authorize magistrates to conduct jury trials in prisoner petition cases without the consent of the parties for two basic reasons. First, the provision authorizes the magistrate to conduct "evidentiary hearings" and is void of any mention of a "trial" or "jury trial." Evidentiary hearings are not jury trials and

the absence of the words "trial" or "jury trial" from the subsection is significant. Had Congress intended to include jury trials in section (b) it could have expressly done so. Second, the precise language of section (b) gives a plaintiff, such as petitioner, a right, upon objection, to a de novo determination on the findings made by the magistrate. But a jury trial before a magistrate involves factfinding intrinsically incapable of de novo review. *Ford v. Estelle,* 740 F.2d 374, 380 (5th Cir.1984); *Wimmer v. Cook,* 774 F.2d 68, 75 (4th Cir.1985). The defendant prison officials attempt to discount this second reason by arguing that when a plaintiff chooses to proceed before a jury, the plaintiff loses the right to have a judge conduct a de novo review of the jury's factual determinations and that this is true whether the jury is impaneled before a magistrate or before a judge. While this argument does have some superficial appeal, we do not think it is sufficient to confer authority on the magistrate that the statute does not expressly convey, especially since reference pursuant to section 636(b) expressly provides for de novo review of factual findings.

Next, we must consider the context in which section 636(b)(1)(B) appears, and more particularly, its relationship to section 636(c). The major provisions of the Magistrates Act, 28 U.S.C. § 636, are as follows: First, section 636(b)(1), added in 1976, allows a district court to refer to a magistrate *without* consent of the parties: (1) nondispositive motions, which the magistrate may "hear and determine" subject only to district court review for clear error, § 636(b)(1)(A); or (2) dispositive motions or "prisoner petitions challenging conditions of confinement," of which the magistrate may recommend disposition subject to the parties' right to object and the district court's review de novo, § 636(b)(1)(B). Second, subsection (b)(3) authorizes assignment to magistrates of "such additional

---

**4.** Because our examination of the language of the statute and its context is dispositive, we need not resort to conjecture regarding the legislative

history. *See Premachandra v. Mitts,* 753 F.2d 635, 639 (8th Cir.1985) (en banc).

duties as are not inconsistent with the Constitution and laws of the United States." Finally, the 1979 provisions in section 636(c) allow reference of "jury or nonjury" civil cases for full trial and entry of judgment if the parties voluntarily consent.[5] Basically these provisions fall into two main parts: section (b) and section (c), and it is important to note that references under section (b) are nonconsensual and subject to district court review, whereas references under section (c) must be consensual and can allow for full trials and the entry of judgment by the magistrate.

The statutory provision upon which the district court made the reference in this case is section 636(b)(1)(B). Thus, while it is clear that this is not a section 636(c) case, it is important to consider it and its requirements in relationship to section (b). Section 636(c) explicitly authorizes the conduct of jury trials by magistrates. In enacting section (c) Congress took great pains to safeguard the jury trial rights of litigants. *Ford, supra,* 740 F.2d at 379.[6] Consent to a jury trial conducted by a magistrate must be obtained from both parties and it must be voluntary. In fact, references under section (c) were found permissible and not in violation of the parties' due process rights primarily because of the requirement that all parties and the district court consent to the transfer of the case to the magistrate. *Lehman Bros. Kuhn Loeb Inc. v. Clark Oil & Refining Corp.,* 739 F.2d 1313, 1316 (8th Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 906, 83 L.Ed.2d 921 (1985).[7]

Thus where Congress did expressly provide magistrates with the power to conduct jury trials it inserted a provision to safeguard the jury trial right, namely, the requirement that the parties voluntarily consent. Since that safeguard is not present in a reference under section (b), to allow a jury trial absent consent under section 636(b)(1)(B) is clearly inconsistent with the spirit and intent of section (c). Moreover, the safeguard inserted in references under section (b), namely that the district judge alone acts as the ultimate decisionmaker, *see United States v. Raddatz,* 447 U.S. 667, 680, 100 S.Ct. 2406, 2414–15, 65 L.Ed.2d 424 (1980), is not satisfied in the context of a jury trial conducted by a magistrate.

In sum, we think the structure of the Act and a comparison of the sections supports the position of petitioner and the intervenor. Because a nonconsensual reference for a jury trial under section (b) does not contain either of the safeguards contemplated by the Act—de novo review by the district court or consent of the parties—we must reject the construction of section (b) given by the district court. *See Ford, supra,* 740 F.2d at 380–81.

Lastly, we briefly review the caselaw regarding this issue. The two other circuits that have considered the question have concluded that section 636(b)(1)(B) does not authorize a judge to refer a prisoner petition to a magistrate for a jury trial without the consent of the parties. *Wimmer v. Cook,* 774 F.2d 68, 75 (4th Cir.1985); *Ford v. Estelle,* 740 F.2d 374, 380–81 (5th Cir.1984).

We think it important to note that the Fourth Circuit decided *Wimmer* shortly after the district court's decision was entered below and significantly undercut the authority relied upon by the district court in this case. The *Wimmer* court, 774 F.2d at 75–76, expressly disapproved of the reasoning of *Lugenbeel v. Schutte,* 600 F.Supp. 698, 701 (D.Md.1985) and *Coleman v. Hutto,* 500 F.Supp. 586, 589 (E.D.Va.1980). The *Lugenbeel* and *Coleman* courts are district courts within the Fourth Circuit.

---

**5.** For an explanation of the Magistrates Act, *see* 12 Wright & Miller, FEDERAL PRACTICE and PROCEDURE § 3076.1.

**6.** The legislative history behind section 636(c) reveals Congress' understanding that its provision for consensual references would for the first time authorize a magistrate to conduct jury

trials. *Ford v. Estelle,* 740 F.2d 374, 379–80 (5th Cir.1984).

**7.** Nine other circuits have found section 636(c) constitutional. *Gairola v. Commonwealth of Virginia,* 753 F.2d 1281, 1284–85 (4th Cir.1985), in which all the circuit cases are cited.

While we are not bound by the decisions of our sister circuits, we find the analysis and conclusions in *Wimmer* and *Ford* to be well reasoned and in accordance with our own views.

## III. Conclusion

A plain reading of section 636(b)(1)(B) and its context within the Magistrates Act does not support the district court's determination that nonconsensual references of prisoner petition cases for jury trials by a magistrate are permissible. Based upon our examination of the language of the statutory provision and its relationship with section (c), we conclude as did the Fourth and Fifth Circuits, that there is no statutory authority under section 636(b)(1)(B) [8] for the nonconsensual reference of prisoner civil rights cases to magistrates for jury trials. Accordingly, the writ of mandamus is granted, the referral order of the district court is vacated, and the district court is directed to conduct further proceedings not inconsistent with this opinion.[9]

LAY, Chief Judge, concurring.

Although I agree with the majority that a magistrate cannot hold a jury trial absent consent of the parties, I write specially because I respectfully submit that it is extremely doubtful that a jury trial is warranted under the factual allegations of the pleadings. The allegations stated in the complaint relate primarily to the alleged unwholesome environment surrounding the food served at the prison. Although the complaint alleges a class action, Wickline appears to be the only plaintiff bringing the suit and a class action has not been certified. Plaintiff alleges no injury or harm to himself other than a conclusory claim of denial of a constitutional right.

Moreover, plaintiff's prayer for relief does not request compensatory damages in the form of actual or at least nominal damages, but seeks only punitive damages. Under Missouri law, compensatory damages are a prerequisite to a punitive damages award. *See, e.g., Jasperson v. Purolator Courier Corp.,* 765 F.2d 736, 741 (8th Cir.1985) ("Ordinarily, in actions where punitive damages may be awarded, a showing of legal malice is sufficient to support such damages once there is a base of liability that supports actual or nominal damages."). *See also* Restatement (Second) Torts § 908 comment b (1979) (in cases in which punitive damages may be awarded, "a cause of action for the particular tort must exist, at least for nominal damages"). Since there is no prayer for compensatory damages, plaintiff at best would only be entitled to the equitable relief requested in his complaint through the issuance of a temporary or permanent injunction.

It is difficult for me to perceive how many of the complaint's allegations could be cognizable at law as cruel and unusual punishment or a denial of due process. For example, plaintiff alleges that defendants refuse to provide the recommended dietary allowances established by the state dietician or any proper substitutes for those recommended allowances, that the meals served are not attractive, that inadequate amounts of fresh citrus fruits are served, that the fruit juices are improperly diluted, that meals are not served at hot temperatures, that baked goods become dry from improper storage, that smoking is allowed in food service areas, that food service personnel wear improper clothing, and that civilian personnel are not used to supervise the food service. I do not make light of the allegations that the food is often tainted, that the food is infested with cockroaches and other insects, and that the

---

8. Although the district court did not base its decision on subsection 636(b)(3), which provides that magistrates may be assigned "additional duties," the United States included an argument in its brief, contending that the language of (b)(3) does not provide authorization for nonconsensual references for jury trials either. We are persuaded by the government's argument on this point and do not construe this provision as a statutory source of authority for the nonconsensual reference in this case either.

9. The court wishes to express its appreciation to petitioner's court-appointed counsel who performed ably in this matter.

food service areas are filthy. Inmates have a constitutional right to be free from inhumane treatment and brutality and to be provided the basic necessities of life. *See Finney v. Arkansas Board of Corrections,* 505 F.2d 194, 215 (8th Cir.1974). If the food is in fact tainted or served in filthy surroundings, then some form of equitable relief may be warranted. However, because plaintiff here at best could be granted only the equitable injunctive relief he seeks, not the legal relief requested solely in the form of punitive damages, he is not entitled to a jury trial in the federal courts. *See generally Simler v. Conner,* 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963) (per curiam) (cited in *Continental Bank & Trust Co. v. American Bonding Co.,* 605 F.2d 1049, 1055 n. 13 (8th Cir.1979)). *See also Setser v. Novack Investment Co.,* 638 F.2d 1137, 1140 (8th Cir.1981) (discussing types of "legal relief" to which constitutional guarantee of right to trial by jury applies).

Rather than convening a jury, I think it far more desirous that the district court, through the magistrate, hold an evidentiary hearing and determine if any of the allegations have a basis in fact and are so egregious that they state a constitutional claim. If the magistrate determines that through denial of a constitutional right the plaintiff has been personally harmed, the magistrate may then determine whether some form of equitable relief, not money damages, is appropriate. Because the suit appears to be equitable in nature, this case as pled fails to provide a jury issue. I respectfully suggest that analysis of the complaint and resolution of the case based on the pleadings should be our first priority before we attempt to reach any issues of constitutional dimension which are brought before us.