905 F.2d 1538
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry HARRIS, Plaintiff-Appellant,
v.
James "Jim" KNAUF, Jailer; Sue Vance, C.M.A., Defendants-Appellees.
 No. 89-6212.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1990.
 
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Larry Harris, a pro se federal prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Seeking damages, Harris sued the officials of the Kenton County, Kentucky jail alleging that they violated his eighth amendment rights by failing to provide him with adequate medical treatment. He asserts that defendants' actions exacerbated a skin condition which he suffered from while lodged at the jail from August, 1988 to January, 1989.
 
 
 4
 After consideration of the magistrate's report and Harris's objections, the district court adopted the magistrate's recommendation and granted summary judgment for defendants. Harris filed a timely appeal. He challenges the grant of summary judgment, asserts that the district court erred by submitting the case to a magistrate without his consent, and claims that the district court abused its discretion in refusing to appoint counsel to represent him.
 
 
 5
 Upon review, we affirm the district court's judgment.
 
 
 6
 Harris failed to file particularized objections to the magistrate's report. He did not object to the magistrate's conclusion that defendants did not exhibit a deliberate indifference to his medical needs or to the recommendation that summary judgment be granted in favor of defendants. Thus, Harris waived appellate review of these issues. Smith v. Detroit Fed'n of Teachers, Local 231, American Fed'n of Teachers, AFL-CIO, 829 F.2d 1370, 1373 (6th Cir.1987); Wilson v. McMacken, 786 F.2d 216, 220 (6th Cir.1986).
 
 
 7
 Further, the district court did not err in referring this matter to a magistrate without Harris's consent. Harris's complaint alleges unconstitutional deprivation of medical treatment. Thus, it constitutes a prisoner petition concerning conditions of confinement which was properly referred to a magistrate pursuant to 28 U.S.C.A. Sec. 636(b)(1)(B) (1989). See 28 U.S.C.A. Sec. 636(b)(1)(B) (1989); Orpiano v. Johnson, 687 F.2d 44, 46 (4th Cir.1982) (citing Coleman v. Hutto, 500 F.Supp. 586, 589 (E.D.Va.1980)).
 
 
 8
 Finally, the district court did not abuse its discretion in denying Harris's request for the appointment of counsel. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir.) (en banc), cert. denied, 474 U.S. 1036 (1985). The circumstances of this case did not make the presence of counsel necessary nor did the denial of counsel result in fundamental unfairness which impinged upon Harris's due process rights. Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir.1983).
 
 
 9
 For these reasons, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.