Nos. 95-2859/2884

George Reiter,                          *
                                        *
    Appellant/Cross-Appellee,       *
                                        *  Appeals from the United States
    v.                              *  District Court for the District
                                        *  of Minnesota.
Honeywell, Inc.; Donna Neff;            *
Dennis Madden; Thomas                   *
Wylie,                                  *
                                        *
    Appellees/Cross-Appellants.*

_____

Submitted:  June 10, 1996

Filed:  January 16, 1997
_____

Before BEAM and HEANEY, Circuit Judges, and BOGUE,[1] District Judge.
_____

BEAM, Circuit Judge.

In this employment discrimination case, George Reiter appeals from the district court's order which adopted the report and recommendation of the magistrate judge to whom the case was referred.  Because we find that the magistrate judge was without jurisdiction to conduct a jury trial in this matter, we dismiss this appeal for lack of jurisdiction and remand to the district court for further proceedings consistent with this opinion.

## I.  BACKGROUND

For purposes of this opinion, we need only outline the facts underlying Reiter's employment dispute with Honeywell.  After working at Honeywell for more than thirty-five years, Reiter

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

retired.  He later brought suit against Honeywell and several of its officials, alleging they violated Title VII, the Minnesota Human Rights Act (MHRA), the Age Discrimination in Employment Act (ADEA) and committed various state torts including tortious interference with contract, defamation, and intentional infliction of emotional distress.  Reiter alleges that his retirement was less than voluntary and that, instead, he was constructively discharged from his position because of his age and gender.

The district court granted summary judgment for defendants on the breach of contract, tortious interference with contract, and promissory estoppel claims and referred the remaining matters to the magistrate judge "as special master, for trial and recommended findings of fact and conclusions of law."  Reiter v. Honeywell, No. 4-93-CV-394, order at 1 (D. Minn. Aug. 12, 1994).  In its referral order, the district court cited Rule 53(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(2). Id.  The parties did not consent to this referral or complete the consent forms sent to them by the Clerk of Court at the commencement of the action.

Upon referral, the magistrate judge presided over a jury trial in this action.[2]  The jury found for Reiter on all claims, finding malice on the defamation claim and constructive discharge on the discrimination claims.  It awarded $315,000 in damages for age and sex discrimination, $300,000 for damage to reputation and $150,000 for emotional distress.  The magistrate judge then recommended that the district court enter judgment on the discrimination claims, order Reiter's reinstatement, grant Reiter backpay with prejudgment interest, grant Reiter attorneys' fees and costs, deny defendants' motion for a new trial, but grant judgment as a matter of law on

---

[2]Plaintiff had demanded a jury trial.  Although not all of plaintiff's claims were entitled to a jury trial, the magistrate judge tried the entire case to a jury.  As to those claims for which no jury was required, the magistrate judge treated the jury's verdict as advisory only.

-2-

the defamation and emotional distress claims and grant a directed verdict on the negligent retention and supervision claim.

Following a de novo review of the record, the district court adopted the magistrate judge's report and recommendation. Reiter appeals, requesting reinstatement of the jury's full award of damages. Defendants cross-appeal the judgment for Reiter.

## II.  DISCUSSION

We must determine whether a magistrate judge's authority under 28 U.S.C. § 636(b)(2) is broad enough to encompass the jury trial conducted here and, if not, whether the requirements of section 636(c), which expressly authorize a magistrate judge to conduct trials, were satisfied. We answer both questions in the negative.

The district court's referral of this matter to the magistrate judge was purportedly under 28 U.S.C. § 636(b)(2).[3] Because the parties did not consent to that referral, the magistrate judge was bound by the strictures of Rule 53(b)[4] of the Federal Rules of

---

[3]That section provides:

> A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts.  A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

28 U.S.C. § 636(b)(2).

[4]Rule 53(b) provides:

> A reference to a master shall be the exception and not the rule.  In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account and of difficult computation of damages, a

-3-

Civil Procedure. That rule states that matters to be tried to a jury are only to be referred to a special master if the issues are complicated and that those matters to be tried without a jury are only to be referred to a master upon a finding of "some exceptional condition" requiring such referral. Although the district court made no such findings, it referred both the jury and nonjury matters to the magistrate judge for trial. The only reason given for the referral was that the case had been on the district court docket for over a year. Therefore, the referral did not comport with section 636(b)(2).

The remaining portions of section 636(b) also fail to offer statutory authority for this referral. Section 636(b) allows a district judge to refer specific matters to a magistrate judge including, but not limited to: (1) certain pretrial matters, section 636(b)(1)(A), reviewed by the district court for clear error; and (2) evidentiary hearings and proposed findings of fact, section 636(b)(1)(B), reviewed by the district court de novo. Under these subsections, consent of the parties is not required and, as stated above, the matters referred are subject to reconsideration by the district court. Section 636(b) does not, however, authorize the magistrate judge to conduct jury trials. As the Eleventh Circuit stated in <u>Hall v. Sharpe</u>, trial by jury under (b)(1) would create a "paradox"--if the district court fails to conduct a de novo review of the jury verdict, it would not comply with the statute; if the district court conducts a de novo review of the jury verdict, it reduces the jury to an advisory role in violation of the Seventh Amendment. 812 F.2d 644, 648 (11th Cir.

---

reference shall be made only upon a showing that some exceptional condition requires it. Upon the consent of the parties, a magistrate judge may be designated to serve as a special master without regard to the provisions of this subdivision.

Fed. R. Civ. P. 53(b).

1987).  <u>See</u> <u>also</u> <u>In re Wickline</u>, 796 F.2d 1055, 1057 (8th Cir. 1986).

In contrast to section 636(b), section 636(c) does authorize magistrate judges to conduct civil jury and nonjury trials.  <u>See</u> <u>Lehman Bros. Kuhn Loeb, Inc. v. Clark Oil & Ref. Corp.</u>, 739 F.2d 1313 (8th Cir. 1984) (en banc) (upholding constitutionality of section 636(c)). Subsection (c) provides, in relevant part:

> Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c)(1).  However, as the statute makes clear, the reference of trials is contingent upon the parties' consent.  <u>See</u>, <u>e.g.</u>, <u>Adams v. Heckler</u>, 794 F.2d 303, 307 (7th Cir. 1986); <u>Lehman Bros.</u>, 739 F.2d at 1315; <u>Alaniz v. California Processors, Inc.</u>, 690 F.2d 717, 720 (9th Cir. 1982). By expressing their consent to a referral, parties waive their right to have their case tried before an Article III judge.  <u>Lehman Bros.</u>, 739 F.2d at 1315.  As stated above, the parties did not consent to the referral of this trial to the magistrate judge.

Reiter argues that defendants' failure to lodge an objection to the referral should operate as a waiver of section 636(c)'s consent requirement.  In support of this contention, Reiter relies primarily on four cases which are either distinguishable or not binding on this court. In <u>Peretz v. United States</u>, the parties expressly consented to the magistrate judge's conducting of the voir dire, the action about which they later complained.  501 U.S.

923, 925 n.2 (1991). The remaining cases are from the Fifth Circuit Court of Appeals and are not binding on this court.[5]

As our cases make clear, "[s]ection 636(c) requires a clear and unambiguous statement in the record of the affected parties' consent to the magistrate judge's jurisdiction." J.C. Henry v. Tri-Services, Inc., 33 F.3d 931, 933 (8th Cir. 1994) (citing Gleason v. Secretary of Health and Human Servs., 777 F.2d 1324 (8th Cir. 1985)). On this record, the parties did not consent to proceed in front of the magistrate judge. A purported section 636(b) referral may not act as a section 636(c) referral and bypass the consent requirement of that section. In re Wickline, 796 F.2d at 1058 (stating "[s]ince [the consent] safeguard is not present in a reference under section (b), to allow a jury trial absent consent under [that section] is clearly inconsistent with the spirit and

---

[5]The Fifth Circuit has held that an improper referral is a procedural error, not a jurisdictional one, where the district court and not the magistrate judge entered the final order. See, e.g., Equal Employment Opportunity Comm'n v. West Louisiana Health Servs., Inc., 959 F.2d 1277, 1282 (5th Cir. 1992) (citing Sockwell v. Phelps, 906 F.2d 1096, 1098 (5th Cir. 1990)). That court's reasoning emphasizes the importance of the district court's supervision of the magistrate judge's actions. According to the Fifth Circuit, the rendering of final judgment by the district court essentially cures any procedural irregularities in the referral. With due respect to our sister circuit, we disagree with such reasoning.

As the facts of this case show, the district court's entry of a final order does not cure the improper referral to the magistrate judge. Cases upholding the constitutionality of section 636 emphasize the presence of two safeguards: (1) supervision and control by the district court under subsection (b); and (2) consent of the parties to proceed in front of a non-Article III judge under subsection (c). See, e.g., In re Wickline, 796 F.2d at 1058; Lehman Bros., 739 F.2d at 1315. In this case, there was no consent for a trial under subsection (c). Additionally, the district court's review of the jury's verdict creates Seventh Amendment problems in addition to the Article III concerns already expressed. See generally Hall, 812 F.2d at 648. For these reasons, we decline to follow the Fifth Circuit's reasoning.

intent of section (c)").  See also Loewen-America, Inc. v. Advance Distribut. Co., 673 F.2d 219, 220 (8th Cir. 1982).

Furthermore, the requirement of consent is fundamental to section 636(c)'s constitutionality.  See, e.g., Gomez v. United States, 490 U.S. 858, 870 (1989); Lehman Bros., 739 F.2d at 1315.  Without that consent, the parties cannot be deemed to have given up their right to proceed in front of an Article III judge.  We will not lightly find a waiver of that consent.  As the Eleventh Circuit has stated:

> [T]he waiver approach does violence to Congress' specification in § (c) that trial before a magistrate must be predicated upon express consent.  That the parties proceeded to trial neither fulfilled nor removed the requirements of § (c), nor invested a non-Article III officer with authority in excess of that provided by law.

Hall, 812 F.2d at 649.  On these facts, we find that the parties did not consent to a jury trial in front of the magistrate judge.

Reiter next argues that even if the jury matters were improperly referred to the magistrate judge, the nonjury matters were properly referred there.  In so arguing, Reiter implies that the improper referral of an action implicating a litigant's right to a jury trial is more problematic than the improper referral of a nonjury action.  See generally In re Wickline, 796 F.2d at 1058.  Although we acknowledge that only some of Reiter's claims were entitled to a jury trial, we need not reach this argument.  On these facts, the issues referred to the magistrate judge were so intertwined as to prevent this court from sifting through the actions and separating those properly referred, if any, from those improperly referred.[6]

---

[6]For instance, under Reiter's proposed partial affirmance of the referrals, he would have us affirm the jury's finding of constructive discharge on the MHRA claim, a nonjury discrimination claim.  He would then presumably render it binding on the ADEA allegation, a jury claim, in later proceedings.

Our holding today is in no way meant to condone defendants' actions. Defendants only complained of the referral after the jury rendered a hefty verdict against them.  This "wait and see" procedure is contrary to judicial efficiency.  However, the language of the referral statute is clear.  The parties must consent to the referral of a trial to a magistrate judge.  Because the parties did not consent to the referral in this case, we find that the magistrate judge was without jurisdiction to conduct the trial.

## III.  CONCLUSION

Because the district court improperly referred this matter to the magistrate judge, we dismiss this appeal for lack of jurisdiction and remand this matter to the district court for further proceedings consistent with this opinion.


A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.