**Robert Lee HALL, Plaintiff-Appellant,**

v.

**Junior SHARPE, Lanson Newsom, Joe Martin and Charles R. Balkcom, Defendants-Appellees.**

No. 84–8925.

United States Court of Appeals,
Eleventh Circuit.

March 16, 1987.

John Paul Batson, Augusta, Ga., for plaintiff-appellant.

Victoria H. Soto, Atlanta, Ga., for defendants-appellees.

Before RONEY, Chief Judge, CLARK, Circuit Judge, and FAIRCHILD,* Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge:

Plaintiff Robert L. Hall appeals from a judgment against him in an action brought pursuant to 42 U.S.C. § 1983. He had ad-

---

* Honorable Thomas E. Fairchild, Senior U.S. Circuit Judge, for the Seventh Circuit, sitting by

ditionally attempted to assert pendent state claims.

At the time of the events complained of, Hall was an inmate at the Montgomery County Correctional Institution in Georgia. On August 14, 1978, he was assigned to a work detail to clear away road-side vegetation using bush axes. Defendant Officer Junior Sharpe was assigned to supervise the ten inmates on the detail. While the vegetation was being cleared, Hall's hand was severely injured when it was struck by the ax of another inmate, David Mitchell.

In June or July, 1980, Hall sent a *pro se* complaint to the *Pro Se* Clerk of the Southern District of Georgia. For reasons that remain unclear, this complaint was not formally filed with the court until December 12, 1980, after expiration of the state's two-year statute of limitations. In his original complaint, Hall alleged that his injury received improper medical treatment, causing permanent damage; that the prison authorities (including Sharpe) had been callously indifferent to threats to his safety by the inmate who subsequently injured him; and that the prison officials had been negligent concerning his protection and medical treatment. The defendants answered and demanded a jury trial. Plaintiff then also demanded trial by jury.

Plaintiff later obtained counsel, who moved to file an amended complaint on July 6, 1981. This complaint was divided into four counts: I and II raised alleged constitutional violations; III and IV raised pendent state law claims for negligent failure to provide for Hall's protection, and medical malpractice, respectively. No defendant was named in the malpractice count. In the amended complaint, plaintiff demanded trial by jury.

A magistrate recommended that the motion be granted as to Counts I and II, but that it be denied as to Counts III and IV, because in the magistrate's view, the plaintiff now sought to add pendent claims not pleaded in the *pro se* complaint, after the

designation.

expiration of the state statute of limitations (the limitations period had not run when Hall first tendered his *pro se* complaint). This recommendation was adopted by the district court.

In an order of September, 1983, the district judge referred to the magistrate several prisoner civil rights cases where a jury had been demanded, including the instant suit. Purporting to act pursuant to 28 U.S.C. §§ 636(b)(1) and 636(b)(3), the district judge ordered the magistrate to impanel juries; to conduct "jury fact determinations"; to file with the district judge the juries' findings of fact and the magistrate's recommendations; to order the Clerk to mail copies to the parties; and to advise the parties of their right to file written objections. The ultimate adjudication was to remain with the district judge, who would make a *de novo* determination as to any matters to which a specific objection was made, in accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 50.

Just before trial began on December 12, 1983, the magistrate and both counsels signed a pretrial order. It set forth plaintiff's citation of recent Georgia cases in support of his position that the statutory limitations on his pendent state law claim of negligent failure to keep him safe from harm had been tolled. Over the defendant's objection, the magistrate then ruled that the state claim would be tried, notwithstanding the district court's earlier order denying leave to amend the complaint so as to assert that claim.

The pretrial order provided that it "supercedes the pleadings which are hereby amended." The order also provided that Sharpe was the only remaining defendant. It described the federal claim as alleging "that Officer Sharpe's actions, or inactions, recklessly placed Mr. Hall in a position of needless danger causing him damage." The order also described the state negligence claim.

Over the defendant's objection to proceeding before a non-Article III judge, a jury trial presided over by the magistrate was held. Plaintiff did not seek to offer evidence concerning his medical malprac-tice claim, but did offer evidence on his state negligence claim. The jury found for the defendant on all claims.

The magistrate reported to the court, in pertinent part, as follows:

Attached hereto are the Court's instructions, the jury's verdict, and tapes of the Court proceedings. I find and recommend that the verdict of the jury finding for the defendant and against the plaintiff be entered as the judgment of this Court.

The judge entered an order, in pertinent part as follows:

The Court has considered the objections of the plaintiff to the Magistrate's Report and Recommendation. After a careful review of the record, the Court concurs with the Magistrate's Report and Recommendation.

The Report and Recommendation of the Magistrate is adopted as the opinion of the Court. Therefore, the Clerk of Court is directed to enter judgment on behalf of the defendant and against the plaintiff.

Appellant first argues that he is entitled to a new trial because he did not consent to trial before the magistrate. We agree that the district court's referral of this case was not authorized by any provision of the Magistrate's Act, 28 U.S.C. § 636, and thus the magistrate was without jurisdiction to conduct the trial.

 Section 636(c) authorizes a magistrate (specially designated) to conduct any or all proceedings in a jury civil matter "[u]pon the consent of the parties." Section (c), added in 1979, was designed to codify and replace the experimental practice under §§ (b)(2) and (b)(3) of trial by consent to the magistrate, and additionally to allow the magistrate to conduct jury trials. S.Rep. No. 74, 96th Cong., 1st Sess. 4, *reprinted in* 1979 U.S.Code Cong. & Ad.News 1469, 1472. "The legislative history behind 636(c) reveals Congress' understanding that its provision for consensual references would for the first time authorize a magistrate to conduct jury trials." *Ford v. Estelle,* 740 F.2d 374, 379 (5th

Cir.1984). Explicit, voluntary consent is crucial to this procedure, and was thought to obviate any concerns about the constitutionality of the conduct of trials and the entry of judgment by non-Article III judicial officers, S.Rep. No. 74 at 4, U.S.Code Cong. & Admin.News 1979, p. 1472; *see Adams v. Heckler,* 794 F.2d 303, 307 (7th Cir.1986). Consent also ensures against the wholesale delegation of certain classes of cases and discrimination among classes of litigants. S.Rep. No. 74 at 13, U.S.Code Cong. & Admin.News 1979, p. 1481; *Collins v. Foreman,* 729 F.2d 108, 119 (2d Cir.1984); *see* Note, *Article III Constraints and the Expanding Civil Jurisdiction of Magistrates: A Dissenting View,* 88 Yale L.J. 1023, 1050–51 (1979).

Consent must be "clear and unambiguous," and cannot be inferred from the conduct of the parties. *See Adams,* 794 F.2d at 307, and cases collected therein. Section (c)(2) spells out certain procedures for consent, and it seems clearly to follow that in this case, plaintiff's failure to add his objection to that of the defendant immediately before trial was not consent under § (c).

■ Moreover, the district judge's order did not purport to rely on § (c). Instead, the order invoked §§ (b)(1) and (b)(3), and we think it clear that neither of those subsections authorizes a reference to a magistrate to conduct a jury trial. *See Ford v. Estelle, supra.*

As § (b)(1)(A) concerns only pretrial matters, and cannot reasonably be read to authorize the conduct of jury trials, *see Spears v. McCotter,* 766 F.2d 179, 180 (5th Cir.1985), the court must have been purporting to act pursuant to § (b)(1)(B), authorizing the magistrate to conduct hearings and to submit to a judge proposed findings of fact and recommendations for disposition of, among other things, prisoner petitions challenging conditions of confinement.[1] Under § (b)(1), the district court may accept, reject or modify the magistrate's report; if a party objects to any proposed findings and/or recommendations, the district judge must make a *de novo* determination of those issues.

The text, the legislative history, and the structure of the Act compel the conclusion that the conduct of jury trials by magistrates is not authorized by this subsection. First, § (b)(1)(B) concerns hearings, including evidentiary hearings and dispositions of motions; this language cannot logically be stretched to include trial by jury. *Hill v. Duriron Co., Inc.,* 656 F.2d 1208, 1212 (6th Cir.1981).

Second, nothing in the legislative history suggests that § (b)(1) was meant to permit the magistrate to preside at nonconsensual jury trials. The purpose of the 1976 amendments to the Act was to clarify and further define the magistrate's unspecified "additional duties" under the 1968 version of § 636(b). The amendment creating the current § (b)(1) was designed to emphasize and clarify under what circumstances the district judge must make a *de novo* determination. H.R.Rep. No. 1609, 94th Cong., 2d Sess. 3 (1976), *reprinted in* 1976 U.S. Code Cong. & Ad.News 6162, 6163.

Moreover, and perhaps more importantly, § (b)(1) provides a procedure fundamentally incompatible with the function of the jury as factfinder. In enacting the 1976 amendments, Congress was quite conscious of the constraints imposed on that authority by Article III. *Id.* at 8, U.S.Code Cong. & Admin.News 1976, p. 6168; *see* McCabe, *The Federal Magistrate Act of 1979,* 16 Harv.J.Legis. 343 (1979). Section (b)(1)'s nonconsensual reference is saved from constitutional infirmity by the retention in the Article III judge of the ultimate adjudicatory power, to be exercised after assistance from and upon the recommendation of the magistrate. *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980); *Wimmer v. Cook,* 774 F.2d 68, 71 (4th Cir.1985); *Ford v. Estelle,* 740 F.2d at 379; *see* H.R.Rep. No. 1609, at 11–12, U.S.Code Cong. & Admin.News 1976, pp. 6171–6172. This relationship of

---

1. "Conditions of confinement" include "unnecessary exposure to violence-prone inmates ... and cruel and unusual punishment." *Hill v.*

*Jenkins,* 603 F.2d 1256, 1260 (7th Cir.1979) (Swygert, *J.,* concurring).

the district judge to factfinding would have no place in a jury trial. The role of the district judge is central to the provision's constitutionality, and cannot be delegated to the magistrate. The use of a general verdict form in this case emphasizes the incompatibility of § (b)(1)'s procedure with the appropriate relationship between judge and jury. *See Wimmer,* 774 F.2d at 75 (magistrate's recommendation based on jury's general verdict "denied the district judge any opportunity to review the findings made by the jury or to make a *de novo* review of the findings ... [i]t violated both the letter and spirit of section (b)").

The court's order of reference in this case was also impermissibly based on § 636(b)(3), providing for "such additional duties as are not inconsistent with the Constitution and laws of the United States." "Congress' whole point in allowing magistrates to perform additional duties was to insure that federal judges would be free to perform their crucial adjudicatory duties without undue distraction." *United States v. Curry,* 767 F.2d 328, 330 (7th Cir.1985) (§ (b)(3) does not permit substitution of magistrate for federal judge in probation revocation hearing). Reference under § (b)(3) fails for the same reason it failed under § (b)(1)(B): the *de novo* review by the Article III judge that is mandated by the statute is fundamentally incompatible with the trial by jury to which the party is entitled. *Ford,* 740 F.2d at 381.

Further, whatever may have been the practice with respect to consensual nonjury trials prior to the adoption of the 1979 amendments, *see Calderon v. Waco Lighthouse for the Blind,* 630 F.2d 352 (5th Cir.1980) (§ (b)(3) supports reference to magistrate for trial on merits where party failed to object); *but see Banks v. United States,* 614 F.2d 95 (6th Cir.1980) (legislative history suggests § (b)(3) was meant to apply only to procedural and administrative matters); *accord, Brown v. Wesley's Quaker Maid, Inc.,* 771 F.2d 952, 955 (6th Cir.1985); *Hill v. Jenkins,* 603 F.2d 1256, 1260 (7th Cir.1979) (Swygert, *J.,* concurring), only § (c) now authorizes the magistrate to conduct jury trials. *Wimmer,* 774 F.2d at 74; *Archie v. Christian,* 768 F.2d 726, 728 (5th Cir.1985); *Ford,* 740 F.2d at 381; *cf. Spears v. McCotter,* 766 F.2d at 182 (in light of myriad problems presented by prisoners' cases, courts should with greater frequency refer cases to magistrates for review under Fed.R.Civ.P. 12(b)(6)).

The court in *Ford v. Estelle* reached the same result in reviewing a similar procedure. There the plaintiff prisoner filed a *pro se* complaint pursuant to § 1983 alleging unconstitutional denial of medical care. Over the defendants' objections and without the consent required by § (c), a jury trial was held before a magistrate. Based on plaintiff's inability to proceed *pro se,* the case was dismissed. In vacating the order of dismissal and remanding the case to the district court, the Fifth Circuit held that neither § 636(b)(1)(B) nor (b)(3) authorizes such a jury trial.

[A] jury trial before the magistrate involves factfinding intrinsically incapable of review de novo, and fits the structure of the Magistrates Act only in subsection (c), trial by consent. Section 636(b)'s provision for reference of "conditions of confinement" petitions must be limited to authorize designation of magistrates to hold evidentiary hearings only for the determination of nonjury issues.... [T]o the extent that a case is to be tried to a jury it can be referred to a magistrate only upon consent of the parties under 636(c).... Because they reflect neither of the safeguards contemplated by the Magistrate's Act—close district court review or consent of the parties— references for jury trial before a magistrate cannot be justified on grounds of expedience alone.

740 F.2d at 380–81; see also *Archie,* 768 F.2d at 728.

We agree, and also note that trial by jury under § (b)(1) would create a paradox. If the court fails to perform its function as ultimate factfinder as required by § (b)(1), then the procedure would not comply with the statute. Conversely, if the court does engage in the required oversight and review, there would be interference with the jury verdict forbidden by the Seventh

Amendment, because the judge's *de novo* review of the jury's factual findings would reduce the jury to a merely advisory role. *Ford*, 740 F.2d at 380; *see Archie*, 768 F.2d at 728.

■ Although he alludes to it in passing, the defendant does not really argue that the advisory jury used here is authorized by the Magistrate's Act. Instead, he contends that plaintiff waived his right to a proper jury trial by proceeding to trial before the magistrate, and so the court's order adopting the jury's verdict should be affirmed. This position must be rejected for two reasons.

First, plaintiff cannot be said to have waived his right to a proper jury trial. There is no suggestion that he failed to comply with Fed.R.Civ.P. 38(b). Rule 38(d) provides that once a timely jury demand has been made, it may only be withdrawn with the consent of the parties; that plaintiff proceeded before a jury negates the idea that he consented to a nonjury trial. Moreover, he should be entitled to rely on the defendant's objection to proceeding before the magistrate. *Cf. Southland Reship, Inc. v. Flegel*, 534 F.2d 639, 643 (5th Cir.1976) (plaintiff entitled to rely on defendant's timely demand); 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 38.45 at 38–391–93. Defendant's apparent suggestion that the demand was withdrawn simply by proceeding to trial is without support; a party neither consents nor waives the issue for appeal by so doing. In *Gargiulo v. Delsole*, 769 F.2d 77, 79 (2d Cir.1985), plaintiffs were improperly denied jury trial in a § 1983 case where the defendants had made a timely demand.

> Plaintiffs were not required to walk out of the courtroom rather than to proceed with the bench trial in order to preserve their right to claim on appeal that they had been denied the jury trial that had been demanded. See, e.g. *Palmer v. United States*, 652 F.2d 893, 896 (9th Cir.1981) ("[A] party's acquiescence to the district court's maintenance of a bench trial, without more, is insufficient to establish a withdrawal of a jury demand."); *see also DeGioia v. United*

*States Lines Co.*, 304 F.2d 421, 424 n. 1 (2d Cir.1962) (failure to raise jury demand issue explicitly in subsequent proceedings does not constitute waiver); *EEOC v. Corry Jamestown Corp.*, 719 F.2d 1219, 1225 (3d Cir.1983) (failure to seek mandamus or interlocutory appeal of court's striking of jury demand does not constitute waiver).

Second, the waiver approach does violence to Congress' specification in § (c) that trial before a magistrate must be predicated upon express consent. That the parties proceeded to trial neither fulfilled nor removed the requirements of § (c), nor invested a non-Article III officer with authority in excess of that provided by law. *Cf. Commodity Futures Trading Commission v. Schor*, — U.S. —, 106 S.Ct. 3245, 3256–59, 92 L.Ed.2d 675 (1986) (litigant's waiver of right to proceed before Article III judge enforced where he deliberately chose quicker and less expensive agency reparations proceeding, and where agency tribunal may exercise statutorily conferred adjudicatory function consistent with constitution).

This reference was invalid, and the magistrate was completely without authority to conduct a jury trial. We conclude that because he was unauthorized, plaintiff was denied the jury trial to which he was entitled, albeit something which appeared in form to be a jury trial did occur.

Accordingly, we VACATE the judgment of the district court and REMAND for further proceedings not inconsistent with this opinion.