**PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-8171

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

2/19/03

THOMAS K. KAHN
CLERK

D. C. Docket No. 1:95-CV-917-WLH

SABRINA BARNETT,

Plaintiff-Appellant,

versus

GENERAL ELECTRIC CAPITOL CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 29, 1998)**

Before ANDERSON and BIRCH, Circuit Judges, and COHILL[*], Senior
District Judge.

# BIRCH, Circuit Judge:

Sabrina Barnett appeals the district court's order denying her

permission to withdraw her consent to a trial before a magistrate

_____

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of
Pennsylvania, sitting by designation.

judge. She further contests the magistrate judge's exclusion of fifteen witnesses submitted pursuant to a pretrial order. For the reasons that follow, we conclude that Barnett did not clearly and unambiguously consent to trial before a magistrate judge. As a result, the magistrate judge lacked jurisdiction to preside over this trial. We therefore remand the case to the district court for further proceedings consistent with this opinion.[1]

## I. BACKGROUND

On April 6, 1995, Sabrina Barnett filed an employment discrimination suit against General Electric Capitol Corporation ("GEEC"). On October 18, 1996, the attorneys representing both parties attended a pretrial conference before a magistrate judge. The conference was not memorialized and, as a result, there is no record of what transpired between the parties; however, it is undisputed that the parties discussed whether to try the case

---

[1]Consistent with our determination that the magistrate judge exceeded his jurisdiction in presiding over this trial, our court, similarly, lacks jurisdiction over this appeal. We therefore do not consider the remaining evidentiary issue raised by Barnett.

before a magistrate judge. According to the magistrate judge's order describing the conference, Barnett's counsel, George Johnson, "advised that he would recommend to his client that she . . . consent to trial, and that he did not foresee any problems with that consent." R3-58 at 1. Although the court proceeded to make the necessary arrangements for trial before the magistrate judge, Johnson subsequently notified the court that Barnett refused to consent to trial before a magistrate judge.

On November 7, 1996, GEEC filed a motion to deny Barnett's withdrawal of consent to trial by jury before a magistrate judge. The district court granted GEEC's motion after finding that Barnett had, through her attorney, waived her right to adjudication before an Article III judge and that any confusion that may have existed regarding her actual consent was a matter solely between attorney and client. See R3-59. The parties tried the case before a magistrate judge over the course of four days in January, 1997. On January 24, 1997, the jury returned a verdict in favor of GEEC.

3

## II. DISCUSSION

Barnett challenges the district court's order granting GEEC's motion to deny Barnett permission to withdraw her consent to try this case before a magistrate judge; in essence, Barnett contends that the district court judge compelled her to go to trial before a magistrate judge without her consent. GEEC responds that the district court correctly determined that Barnett effectively consented to trial before a magistrate judge by virtue of the oral representations of her attorney at the pretrial conference.

Congress has established that magistrate judges may preside over most trials[2] with the consent of the parties. See 28 U.S.C. § 636(c)(1). We previously have held that explicit, voluntary consent is crucial to this procedure. See Hall v. Sharpe, 812 F.2d 644, 647 (11th Cir. 1987). We have further noted that consent must be "clear and unambiguous," id., and that "if one of the parties in a civil lawsuit pending before a district court states

---

[2]There are exceptions to this general principle that are neither applicable nor relevant in this instance.

4

his unwillingness to consent to a trial before a magistrate judge, the district court *cannot* designate a magistrate judge to preside over the trial." Thomas v. Whitworth, 136 F.3d 756, 758 (11th Cir. 1998) (emphasis in original).

Here, the district court based its ruling on the premise that Johnson had orally consented to try Barnett's case before a magistrate judge and that oral consent by counsel satisfied the consent requirement of the statute. The district court noted that "[c]ourts must be able to rely on an attorney as an agent for his or her client," R3-59 at 1, and observed that "[a]llowing withdrawal of consent under the circumstances of this case also would undermine a Court's ability to manage its workload and would unduly delay the proceedings." Id. at 2. Finally, the district court found further support for a finding of consent in a letter from Johnson to the court in which Johnson stated that he had "informed [the magistrate judge] at the Pre-Trial Conference that

5

we would consent to a jury trial before the Magistrate, however, I did so without my client's permission."  R3-59 at 2.

Although we are mindful of the concerns articulated by the district court with regard to judicial efficiency, we nonetheless readily conclude that the district court erred in construing the events that transpired in this instance to be a manifestation of explicit consent by Barnett to go to trial before a magistrate judge. First, Johnson's statement that he "would recommend to his client that she . . . consent to trial, and that he did not foresee any problems with that consent," R3-58 at 1, cannot reasonably be read to convey unequivocal, unambiguous consent; even to the extent that Johnson's oral representations at the pretrial conference are binding on his client, his statement appears to evince a desire to consult with his client and, in so doing, to recommend trial before a magistrate judge.  Second, because there was no record of the pretrial conference, the district court had no record to review in deciding whether consent was

communicated properly here; indeed, we also have no record to review to ascertain precisely what transpired at the pretrial conference. The district court thus had before it only a letter by Johnson communicating through descriptive language (rather than by direct quotation) what the court later characterized as an attorney-client mishap. We previously have held, however, that while consent to referral to a magistrate judge need not be in writing, it must be "express and on the record," General Trading v. Yale Materials Handling Corp., 119 F.3d 1485, 1495 (11th Cir. 1997) (internal quotation and citation omitted), cert. denied, ___ U.S. ___, 118 S. Ct. 1380, 140 L. Ed. 2d 526 (1998).[3] We conclude that the statement attributed to Johnson by the magistrate judge was *not* a manifestation of clear and

[3]We acknowledge that Johnson's after-the-fact letter to the court could be interpreted to mean that the attorney did in fact consent at the pretrial conference. This is GEEC's position on appeal, and based on that position GEEC argues that the appropriate issue for appeal is whether or not an attorney's oral consent is binding on the client. However, we conclude that the attorney's letter does not constitute the required clear and unambiguous consent. Another permissible interpretation of the attorney's letter is that he had told the magistrate judge that his client would consent in the future. Thus, it cannot be said that the attorney's letter is clear and unambiguous. Accordingly, we reject GEEC's attempt to convert the issue in this case to that of whether an attorney can consent on behalf of the client.

unambiguous consent.  Moreover, the lack of any record of the pretrial conference rendered this case particularly inappropriate for referral to a magistrate judge over the objection of the plaintiff.[4]

Briefly, we note that GEEC also suggests that the district court's decision to refer this civil trial to a magistrate judge, if found to be erroneous, should be deemed harmless error. GEEC notes that Barnett received a full and fair opportunity to litigate her claims before a tribunal and can point to no specific error that rendered her trial tantamount to a miscarriage of justice.  We recently have decided, however, that

> it can never be genuinely "harmless" for a
> litigant, over his objection, to be compelled

---

[4]It is unclear whether the district court had the benefit of the magistrate judge's order describing the pretrial conference prior to ruling on GEEC's motion; the magistrate judge's order and the district court's order issued on the same day.  The answer to this question, however, makes no difference to our resolution of this case.  If the district court did have an opportunity to review the magistrate judge's order, we conclude that the statement attributed to Johnson should have indicated to the district court that Barnett's consent was not clear and unequivocal. Assuming that the district court did not have the magistrate judge's order, and regardless of the letter from Johnson, the absence of any record apprizing the court of what actually was said during the pretrial conference should have precluded a finding of unambiguous consent to trial before a magistrate judge.

to try some or all [of] his case before a non-Article III judicial officer not entitled to exercise the power of an Article III judge.

. . . .

. . . . The essence of the harm in this situation is the fact that the lawsuit was entertained by a tribunal that, according to Congress, had no power to entertain the dispute. . . . [T]he harm to Appellant flows not from the adequacy or inadequacy . . . of the magistrate judge's handling of the . . . process, but rather from the fact that Congress did not afford magistrate judges the power to preside over *any* aspect of the trial of a civil lawsuit without the express consent of the parties . . . .

Thomas, 136 F.3d at 761-762 (emphasis in original).  Based on our circuit precedent, GEEC's argument that any potential error that occurred in this case should be deemed harmless is unavailing.

## III.  CONCLUSION

Barnett challenges the district court's order granting GEEC's motion to deny Barnett permission to withdraw her

9

consent to go to trial before a magistrate judge. We conclude that statements by Barnett's attorney apparently expressed during the pretrial conference did not manifest the clear and unambiguous consent that the statute requires for referral of a civil trial to a magistrate judge. Furthermore, the absence of any record or official transcript of the pretrial conference renders a finding of express consent by the parties to trial before a magistrate judge inappropriate. The error engendered by improper reference to a magistrate judge in this case, moreover, cannot be deemed harmless in nature. The district court erred in finding that Barnett had consented explicitly to trial before a magistrate judge; therefore, the magistrate judge was without jurisdiction to preside over this trial. Accordingly, the judgment is VACATED and the case is REMANDED for further proceedings consistent with this opinion.