**Rachel REMBERT, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

No. 98–7050.

United States Court of Appeals, Eleventh Circuit.

June 5, 2000.

---

**15.** *See Farley,* 202 F.3d at 212 n. 10.

William T. Coplin, Jr., Demopolis, AL, for Plaintiff–Appellant.

Richard E. Buckley, Seattle, WA, for Defendant–Appellee.

Before EDMONDSON, DUBINA and WILSON, Circuit Judges.

WILSON, Circuit Judge:

This appeal raises a jurisdictional issue of first impression in this circuit: whether we have jurisdiction over an appeal from a magistrate judge's final order and judgment when the clerk of the district court invited the parties to consent, through inaction, to the magistrate judge's final disposition of their case. Because we find that the parties did not expressly consent to final disposition by a magistrate judge, we dismiss the appeal.

## BACKGROUND

Rachel Rembert unsuccessfully applied for Supplemental Security Income benefits. She filed a complaint in the United States District Court for the Southern District of Alabama contesting the denial of benefits. After Rembert's case was filed, the district court clerk sent the parties a "Notice of Assignment to United States Magistrate Judge for Trial." This notice stated that unless the parties requested reassignment to a district judge by returning a form within thirty days, the parties were deemed to have consented to trial and disposition of the case by a magistrate judge:

This civil case has been randomly assigned to United States Magistrate Judge Bert W. Milling, Jr. for all purposes including trial....

You have the right to have your case reassigned to a United States District Judge for trial and disposition. If you wish to have the case reassigned at random to a United States District Judge, you or your attorney must return the <u>Request for Reassignment to a United States District Judge</u> ... to the Clerk of Court ... within thirty (30) days after your first appearance. Unless a party requests reassignment timely, the parties will be deemed to have consented to the trial and disposition of this case by the assigned United States Magistrate Judge.

(underlining as in original).

Neither party sent in the form. The parties submitted various pleadings for the magistrate judge's consideration and agreed to waive oral argument. The magistrate judge entered a final judgment against Rembert and she appealed. In their briefs to this court, neither party disputed whether there was effective consent to final disposition by a magistrate judge.

Because, as discussed below, the issue of consent affects this court's appellate jurisdiction, we *sua sponte* asked the parties to address whether they had consented to the magistrate's authority, making his order and judgment final and appealable. The Appellant responded that since neither party had requested reassignment to a district judge, "the Magistrate Judge was not barred from issuing a final Order in this case.... Therefore, the Court of Appeals for the Eleventh Circuit rightly has jurisdiction over this proceeding."

## DISCUSSION

■ As a federal court of limited jurisdiction, we must inquire into our subject matter jurisdiction *sua sponte* even if the parties have not challenged it. *See, e.g.,*

**1334**

*University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999) (jurisdiction "cannot be waived or otherwise conferred upon the court by the parties"); *Perez–Priego v. Alachua County Clerk of Court,* 148 F.3d 1272, 1273 n. 1 (11th Cir. 1998) (*sua sponte* raising issue of jurisdiction over appeal from magistrate judge); In re *Marriage of Nasca,* 160 F.3d 578, 578 (9th Cir.1998) (same).

▮▮▮ Under 28 U.S.C. § 636(c)(3), this court has jurisdiction over an appeal from a final judgment entered by a magistrate judge, but only if the parties consented to the magistrate's jurisdiction. *See* 28 U.S.C. § 636(c)(3), which states that a party "may appeal directly to the appropriate United States court of appeals" from a magistrate judge's final judgment "in any case referred under paragraph (1) of this subsection." Paragraph (1) of § 636(c) requires that for a magistrate to conduct proceedings and order entry of judgment, there must be "consent of the parties." 28 U.S.C. § 636(c)(1). It follows that when magistrate judges act without the effective consent of the parties, this court has no appellate jurisdiction. *See Barnett v. General Elec. Capital Corp.,* 147 F.3d 1321, 1322 n. 1 (11th Cir.1998); *Perez–Priego,* 148 F.3d at 1273.

▮▮▮ Because the Constitution gives Congress discretion to confer jurisdictional power on the federal courts of appeal, "federal courts should proceed with caution in construing constitutional and statutory provisions dealing with [their] jurisdiction." *University of S. Ala.,* 168 F.3d at 409 (internal quotations omitted). Here, Congress has taken care to ensure that parties face final dispositions by magistrate judges only by the parties' free will. First, Congress provided that when an action is filed, "the clerk of the court shall ... notify the parties of the availability of a magistrate to exercise [ ] jurisdiction. The decision of the parties shall be communicated to the clerk of court." 28 U.S.C. § 636(c)(2). Second, "Rules of court for the reference of civil matters to

magistrates shall include procedures to protect the voluntariness of the parties' consent." *Id.* Accordingly, the Federal Rules of Civil Procedure provide that if the parties agree to allow a magistrate judge to finally dispose of their case, "they shall execute and file a joint form of consent or separate forms of consent setting forth such election." Fed.R.Civ.P. 73(b).

▮▮▮ The consent must be " 'express and on the record.' " *Barnett,* 147 F.3d at 1323 (quoting *General Trading Inc. v. Yale Materials Handling Corp.,* 119 F.3d 1485, 1495 (11th Cir.1997)). It cannot be inferred by conduct of the parties. *Hall v. Sharpe,* 812 F.2d 644, 647 (11th Cir.1987). Failure to object is not equal to consent. *Id.*

Although this circuit has not construed a "consent through inaction" notice like the district court's, the Ninth Circuit ruled a notice containing identical language to be invalid. *See Nasca,* 160 F.3d at 579. The *Nasca* parties received a notice saying that "unless a party requests reassignment timely, the parties will be deemed to have consented to the trial and disposition of this case by the assigned United States Magistrate Judge." *Id.* The parties argued that consent was obtained through their failure to timely object. *See id.*

▮▮▮ The *Nasca* court rejected the argument, noting: "Our insistence that consent be explicit, clear and unambiguous is not an exercise in mere formalism. But for the consent requirement, § 636(c)'s grant of judicial power to magistrates would infringe on the constitutional rights guaranteed to litigants by Article III." *Id.* Because there was no express consent, there was no appellate jurisdiction. *See id.* at 580. We agree. The procedure used by the district court here, like that in *Nasca,* comported with neither the literal requirements of Rule 73(b), whereby the parties must show their consent by executing and filing a consent form, nor with the statutory requirement that the parties must express their consent through a com-

munication to the district court. *See* 28 U.S.C. § 636(c). Therefore we rule that consent to final disposition by a magistrate judge cannot be obtained through a procedure inviting consent through inaction.

■ With respect to the form and timing of the express consent required, we do not rule today. Although consent must be "express and on the record," it need not necessarily be written. *See General Trading*, 119 F.3d at 1495. In *General Trading*, the magistrate judge asked an attorney if his client would consent to trial before the magistrate; the attorney responded, " 'I don't think that we have any problem with that. I think that's fine.' " *Id.* This constituted express consent. *See id.* In addition, we deemed another party to have consented when its attorney signed a consent and stipulation to trial before the magistrate, even though the client's name was not listed in the document's preamble. *See id.* We found it important that at a status conference with all parties present, none of them objected when counsel for another party indicated on the record that all the parties consented to have the case completed before the magistrate judge. *See id.* Here, Rembert's counsel never indicated on the district court record anything about his client's consent, other than performing the routine tasks attendant to litigation. Mere acquiescence in proceedings does not constitute express consent. *See Hall*, 812 F.2d at 649.

■ Nor did Rembert's post-judgment actions constitute a retroactive consent to trial before the magistrate judge. At oral argument, Rembert's counsel said that Rembert's statements regarding appellate jurisdiction (including statements about the magistrate judge's powers) constituted nothing more than accurate representations of the procedure employed by the district court; indeed, Rembert's counsel specifically stated that he was not consenting on her behalf to a final disposition before a magistrate judge. Given those representations, we do not find express consent, and leave open the question of whether on appeal the parties can retroactively empower a magistrate judge to act.[1]

At any rate, Rembert did nothing, either before or after judgment, to indicate her express consent to final disposition of her case before a magistrate judge. Accordingly, we are in essence asked to review a nonfinal, nonappealable report and recommendation not yet adopted by the district court.[2] We cannot pass on the merits of this appeal, but must dismiss it for lack of jurisdiction.

## CONCLUSION

Civil litigants cannot consent through mere inaction to final disposition of their cases before magistrate judges, even when invited to do so by standing orders of the district courts. Because Rembert did nothing affirmatively to indicate her express consent on the record, we do not have appellate jurisdiction.

DISMISSED.

---

1. Parties can consent even after judgment. *See, e.g., General Trading*, 119 F.3d at 1496–97 (Parties added after the original consent consented to the magistrate's jurisdiction by accepting the judgment: "Clearly encompassed in this acceptance of judgment is an acknowledgment of the new transferees' consent to the authority and jurisdiction of the magistrate judge."); *see also King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir. 1987) (ruling that § 636(c) "does not require a specific form or time of consent"). *Cf.*

*Perez–Priego*, 148 F.3d at 1273 (dismissing appeal when parties appealed from magistrate's report and recommendation that the district court had not yet adopted when the notice of appeal was filed).

2. *Cf. Perez–Priego*, 148 F.3d at 1273 (ruling that "the report and recommendation is not final and appealable" and appeal could not be perfected).