**Carl O. McNAB, Plaintiff–Appellee,**

**v.**

**J & J MARINE, INC., Defendant–Appellant.**

**No. 00–10238**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Feb. 6, 2001.

Richard W. Fuquay, Pittman, Pittman, Carwie & Fuquay, Mobile, AL, for Defendant–Appellant.

James Lynn Perry, Richardson, Daniell, Spear & Upton, P.C., Mobile, AL, for Plaintiff–Appellee.

Before ANDERSON, Chief Judge, and DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

J & J Marine appeals the magistrate judge's denial of its motion for judgment as a matter of law and motion for a new trial, which were filed after a jury verdict in favor of Carl McNab. Because we determine that the parties did not explicitly consent to have a magistrate judge conduct the trial proceedings, we dismiss this appeal for lack of appellate jurisdiction.

The relevant facts are straightforward. On October 13, 1998, McNab filed this action seeking recovery for breach of a Vessel Construction Contract. The clerk of the district court sent each party's counsel a document entitled "Notice of Assignment to United States Magistrate Judge for Trial" (the "Notice"), which informed the parties that their case had been assigned to a magistrate judge "for all purposes including trial." The Notice further stated that the magistrate judge's authority to preside over the case derived from 28 U.S.C. § 636(c), and that the parties had a right to have the case reassigned to a district court judge for trial and final disposition. The Notice instructed that if the parties wished to have the case reassigned, they were required to return a form attached to the Notice to the Clerk of Court within thirty days. If they did not request such reassignment, the Notice indicated that the parties would "be deemed to have consented to the trial and disposition of [the] case by the assigned United States Magistrate Judge." The record does not reflect that either party returned the request for reassignment to the clerk, and the case proceeded with the magistrate judge.

On October 27, 1999, the magistrate judge entered an order denying J & J Marine's motion for summary judgment and for partial summary judgment, and on November 8 and 9, 1999, the magistrate judge presided over a jury trial. On November 12, 1999, the magistrate judge entered judgment in favor of McNab in the amount of $90,000, and an additional $74,578.88 at 6% interest, based on the jury's verdict. On December 14, 1999, the magistrate judge entered an order denying J & J Marine's motion for judgment as a matter of law and motion for a new trial, which J & J Marine challenges in this appeal.

On February 14, 2000, we issued the following jurisdictional question to the parties:

> Whether the parties consented to the magistrate judge rendering a final and appealable decision in this action? *See* 28 U.S.C. §§ 636(b) & 1291; *Barnett v. General Elec. Capital Corp.*, 147 F.3d 1321, 1322–23 (11th Cir.1998); *General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1494–96 (11th Cir.1997), *cert. denied*, 523 U.S. 1055, 118 S.Ct. 1380, 140 L.Ed.2d 526 (1998); *Hall v. Sharpe*, 812 F.2d 644, 646–47 (11th Cir.1987).

In response, J & J Marine argues that both parties gave sufficient consent by failing to object to the authority of a magistrate judge. J & J Marine asserts that although the consent does not appear "expressly on the record," the parties waived any constitutional right to have an Article III judge preside over the case by failing to execute the written request for reassignment of the case to an Article III judge.

■ This Court's appellate jurisdiction is limited to final decisions of the district courts. *See* 28 U.S.C. § 1291. An exception set forth in 28 U.S.C. § 636(c), however, permits a magistrate judge, upon special designation by the district court *and the consent of all of the parties*, to conduct any or all proceedings in a civil matter and enter a final judgment. *See* 28 U.S.C. § 636(c)(1). Where a judgment has been

so entered by a magistrate judge, § 636(c)(3) permits a direct appeal to the appropriate United States court of appeals in the same manner as an appeal would be taken from the judgment entered by the district court. *See* 28 U.S.C. § 636(c)(3). However, if the parties did not consent to the magistrate judge's exercise of jurisdiction, an appellate court lacks jurisdiction over an appeal from a final judgment entered by the magistrate judge. *See* 28 U.S.C. § 636(c)(3); *Barnett v. General Elec. Capital Corp.*, 147 F.3d 1321, 1322 n. 1 (11th Cir.1998). Because of its direct impact on our appellate jurisdiction, we consider *sua sponte* whether the parties consented to the magistrate judge's jurisdiction to enter final judgment in this case. *See Rembert v. Apfel*, 213 F.3d 1331, 1333–34 (11th Cir.2000) (examining the Court's appellate jurisdiction *sua sponte* even though neither party raised the issue).

■ Basic procedure governing the consent and assignment process is set forth in 28 U.S.C. § 636(c)(2). The clerk of court, at the time an action is filed, must notify the parties of the "availability" of a magistrate judge to exercise jurisdiction, and "[t]he decision of the parties shall be communicated to the clerk of court." 28 U.S.C. § 636(c)(2). Subsection (c)(2) further provides that the local rules of the court "shall include procedures to protect the voluntariness of the parties' consent." *Id.* We have consistently required that a party's consent to a magistrate judge's exercise of jurisdiction under 28 U.S.C. § 636(c)(1) must be explicit, voluntary, clear, and unambiguous. *See e.g., Barnett,* 147 F.3d at 1322; *Hall v. Sharpe*, 812 F.2d 644, 647 (11th Cir.1987). Such consent cannot be inferred from the conduct of the parties, as urged by J & J Marine in its response to our jurisdictional question. *See Hall,* 812 F.2d at 647.

1. We note that *Rembert* issued on June 5, 2000, which was after the parties filed this appeal and answered our jurisdictional question. We are bound by *Rembert*, absent an

■ More importantly, in the recent decision of *Rembert*, we expressly addressed the very procedure at issue in this case— the procedure followed by the Southern District of Alabama that purports to allow parties to consent to a magistrate judge's exercise of jurisdiction by failing to object within thirty days of receiving notice that a case has been assigned to a magistrate judge. In *Rembert*, we expressly found the Southern District of Alabama's "consent through inaction" notice to be invalid and insufficient to establish the "express" and "on the record" consent statutorily required to empower a magistrate judge to act. *See Rembert*, 213 F.3d, at 1334–35.[1]

As in *Rembert*, it is undisputed that the parties in this case did not explicitly consent to a trial before a magistrate judge. Plainly, the magistrate judge lacked jurisdiction to issue a final disposition in this case, and the orders issued by the magistrate judge were thus not final and appealable. As a result, we lack jurisdiction to entertain this appeal and dismiss it accordingly. *See Rembert*, 213 F.3d at 1335; *Barnett*, 147 F.3d at 1322 n. 1.

DISMISSED.

intervening decision of the Supreme Court or a decision of an en banc majority of this Court. *See, e.g., Flowers v. United States*, 764 F.2d 759, 761 (11th Cir.1985).