[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11950
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 98-02088-CV-DLG

JAMES BERNARD CAMPBELL,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 11, 2010)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

James Bernard Campbell, a Florida prisoner serving consecutive life sentences for murder, attempted murder, and robbery, appeals the district court's denial of his Fed. R. Civ. P. 60(b)(4) motion, in which he sought relief from a magistrate judge's paperless order denying a previous Rule 60(b) motion that sought to vacate a dismissal of his federal habeas petition. Campbell contends that his due process rights were violated when the magistrate judge entered a final order denying his motion, because the magistrate judge only had authority to issue a report and recommendation for final disposition by the district court.

Campbell is a serial litigant who over the past fifteen years has filed seven federal habeas petitions under 28 U.S.C. § 2254 and has made numerous other collateral attacks on his 1988 state convictions.[1] Because his first habeas petition was denied on the merits in 1994, each of his later petitions was dismissed as successive under 28 U.S.C. § 2244(b). This Court has repeatedly denied Campbell's applications for leave to file successive habeas petitions, which has not stopped Campbell from filing them anyway. On June 25, 2008, Campbell filed a

---

[1] In addition to seven § 2254 petitions, Campbell has kept the district court busy with three motions for relief from judgment under Rule 60(b)(4), one "All Writs Petition," several motions to reopen previously dismissed habeas cases, at least one petition for mandamus, and multiple § 1983 suits against judges on this Court and on the Florida Supreme Court. Meanwhile, in state court, he has filed at least three petitions for postconviction relief under Fla. R. Crim. P. 3.850, and at least two state habeas petitions. All of these filings raise essentially the same issue, a challenge to the validity of the warrants that led to his arrest. That issue was resolved against him on the merits in his direct appeal nearly twenty years ago. See Campbell v. State, 571 So.2d 415, 417 (Fla. 1990).

motion for relief from judgment under Rule 60(b)(4), asking the district court to vacate its January 15, 1999 order in which the court had dismissed Campbell's second habeas petition as successive. Campbell amended the motion on July 11, 2008. The district court referred Campbell's amended motion to the magistrate judge pursuant to 28 U.S.C. § 636, and instructed her to "take all necessary and proper action as required by law." On September 2, 2008, the magistrate judge issued a paperless order denying Campbell's amended motion. On the same day, Campbell filed a second amended motion asserting essentially the same grounds for relief. Although Campbell made multiple requests for a written report and recommendation on his first amended motion, none was provided.

On February 13, 2009, after conducting an independent review of the record, the district court denied Campbell's second amended motion on the ground that "[n]othing in his current pleadings presents a basis for relief." On March 6, 2009, Campbell filed a third Rule 60(b)(4) motion, this time arguing that his due process rights were violated when the magistrate judge issued a final order on his first amended motion instead of providing a written report and recommendation for disposition by the district court. The district court treated this motion as a request for reconsideration of its earlier decision, and denied it. We granted a certificate of appealability on a single issue: whether the district court erred by referring Campbell's Fed. R. Civ. P. 60(b) motion to the magistrate judge for a final order.

3

Under Rule 60(b)(4), a court may relieve a party from a final judgment or order if the judgment is void. A judgment is void for Rule 60(b)(4) purposes "if the rendering court was powerless to enter it." Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001). Generally, we review the denial of a Rule 60(b) motion for an abuse of discretion, but the denial of a Rule 60(b)(4) motion is subject to de novo review "because the question of the validity of a judgment is a legal one." Id. (quotation omitted).

The jurisdiction and powers of magistrate judges are set forth in 28 U.S.C. § 636. A district court may instruct a magistrate judge to conduct evidentiary hearings and submit to the district court "proposed findings of fact and recommendations" for the disposition of certain motions and applications for post-trial relief. 28 U.S.C. § 636(b)(1)(B); see also Local Rules of the United States District Court for the Southern District of Florida, Magistrate Judge Rule 1(e) (permitting magistrate judges to perform all duties of a district court judge pursuant to 28 U.S.C. § 2254, but requiring them to submit a report containing proposed recommendations for disposition by the district court).

The statute also permits a district judge to assign to a magistrate judge, with or without the consent of the parties, "such additional duties as are not inconsistent with the Constitution and laws of the United States." Id. § 636(b)(3). In Thomas

4

v. Whitworth, 136 F.3d 756 (11th Cir. 1998), we narrowly read the "additional duties" clause to mean that "where consent is lacking, courts should be reluctant to construe the additional duties clause to include responsibilities of far greater importance than the specified duties assigned to magistrates." Id. at 759 (quotation omitted) (holding that magistrate judges may not conduct jury selection in a civil trial without the consent of the litigants). Thus, although consent of the parties is not an express requirement under § 636(b), when "the matter conducted solely by a magistrate judge constitutes a critical stage of the criminal proceeding, such as instructing the jury, the absence of express consent from all parties, particularly the defendant, mandates reversal." United States v. Desir, 257 F.3d 1233, 1238 (11th Cir. 2001) (holding that magistrate judge inappropriately exceeded authority at a critical stage of the proceeding by response to jury question that went beyond simple performance of a ministerial task).

Under § 636(c), the district court may designate a magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter," but only "[u]pon the consent of the parties." 28 U.S.C. § 636(c)(1). If a magistrate judge exercises jurisdiction pursuant to § 636(c) without the parties' consent, the resulting judgment is not final for purposes of § 1291. McNab v. J & J Marine, Inc., 240 F.3d 1326, 1328 (11th Cir. 2001).

Because Campbell did not consent to the referral, and a decision on the

5

merits of his motion was more than a purely ministerial task, the magistrate judge was authorized only to make a report and recommendation to the district court. The magistrate judge exceeded her authority in issuing a final order. Although the district court did not expressly instruct the magistrate judge to issue a final order, it too erred in refusing to direct her to provide a report and recommendation for its own disposition.

Nevertheless, the error is of no consequence. The district court conducted its own review of the record when it denied Campbell's second amended motion, which asserted grounds for relief and made arguments essentially identical to those considered by the magistrate judge in the earlier motion. In effect, the district court's decision on Campbell's second motion ratified and rendered final the magistrate judge's order on the first motion. The basis for Campbell's Rule 60(b)(4) motion was that the district court had improperly dismissed his second habeas petition as successive because the first petition had not been resolved on the merits. However, this Court has repeatedly rejected the same argument.[2] The district court did not err in denying Campbell's motion.

**AFFIRMED.**

---

[2] In our order of January 23, 2002 denying Campbell's application for leave to file a second or successive habeas petition, Case No. 02-10188, we held that because his original 1994 petition was dismissed with prejudice, any subsequent habeas petition would be treated as successive. We reiterated that holding in our order of January 8, 2004, Case No. 03-16354.