[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14770
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-62096


J.B. HUNT TRANSPORT, INC.,

Plaintiff – Appellant,

versus

S & D TRANSPORTATION, INC.,

Defendant – Appellee,

and

NORTHLAND INSURANCE COMPANY,

Intervenor – Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 8, 2014)

Before WILLIAM PRYOR, MARTIN, and COX, Circuit Judges.

PER CURIAM:

## I.    Facts and Procedural History

This case arises out of an agreement, the Outsource Carriage Agreement ("the Agreement"), between Plaintiff, J.B. Hunt Transport, Inc. ("J.B. Hunt"), and Defendant, S & D Transportation, Inc. ("S & D").  J.B. Hunt and S & D are both common carriers.  Pursuant to the Agreement, S & D agreed to transport a load of pet medication for J.B. Hunt's customer, PetMed Express Inc. ("PetMed").  A portion of the pet medication was lost in transit, and PetMed's insurance company, National Union Fire Insurance Company ("National"), paid PetMed $123,924.80 to cover the loss.  National then filed a subrogation claim against J.B. Hunt, which J.B. Hunt settled for $92,943.60.  J.B. Hunt sought indemnity from S & D, and, after S & D denied liability, brought this action against S & D pursuant to the Carmack Amendment, 49 U.S.C. § 14706, and for breach of contract.  A jury returned a verdict for J.B. Hunt, which the parties do not challenge on this appeal. After trial, J.B. Hunt filed motions for attorney's fees, expenses, and costs, as well as a motion to join Northland Insurance Company ("Northland") to the judgment pursuant to Fla. Stat. § 627.4136, alleging that Northland is liable for the judgment as S & D's insurer.  Northland intervened for the limited purpose of opposing J.B. Hunt's motion to join.  The district court referred these issues to a magistrate judge

2

for "appropriate disposition or report and recommendation." (Order Referring Mot. to Magistrate Judge, Doc. 122 at 1).

The magistrate judge issued an order denying J.B. Hunt's motion to join Northland.  J.B. Hunt then filed a timely motion for reconsideration.

The magistrate judge next issued a report recommending that J.B. Hunt's motions for attorney's fees, expenses, and costs be denied.  J.B. Hunt filed an objection with the district court where, in addition to objecting to the magistrate judge's denial of its motions for attorney's fees, expenses, and costs, J.B. Hunt reminded the district court of its pending motion for reconsideration on the issue of J.B. Hunt's motion to join Northland.  The district court overruled J.B. Hunt's objections and adopted the magistrate judge's report and recommendation, but did not address J.B. Hunt's motion for reconsideration.

Almost three months later, the magistrate judge denied J.B. Hunt's motion for reconsideration.  J.B. Hunt never appealed the magistrate judge's order to the district court.[1]

## II.    Issues on Appeal

J.B. Hunt raises a host of issues on appeal, which boil down to two basic contentions.  First, J.B. Hunt contends that the magistrate judge erred in refusing to

---

[1] J.B. Hunt argues that its motion for reconsideration was a proper appeal to the district court for purposes of establishing appellate jurisdiction in this court. (Am. Reply Br. of Appellant at 13). We address more fully below whether this motion, as well as J.B. Hunt's objection to the magistrate's report and recommendations, constitute an appeal to the district court.  We conclude that they do not.

join Northland pursuant to Fla. Stat. § 627.4136.  Second, J.B. Hunt contends that the district court erred in refusing to grant J.B Hunt's motions for attorney's fees, expenses, and costs.

### III.    Motion to Join Northland Pursuant to Fla. Stat. § 627.4136

Turning first to the magistrate judge's order refusing to join Northland pursuant to Fla. Stat. § 627.4136, we hold that we lack appellate jurisdiction, and we therefore dismiss this portion of the appeal.

"The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates."[2] *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980).  An exception exists in 28 U.S.C. § 636(c), which allows a magistrate judge to issue a final appealable order with *consent of all parties*. *McNab v. J & J Marine, Inc.*, 240 F.3d 1326, 1327–28 (11th Cir. 2001).  Here, J.B. Hunt never appealed the magistrate judge's order to the district court. Furthermore, we find nothing in the record to support a finding of consent, and no party asserts such consent on this appeal.

---

[2] J.B. Hunt's reliance on *Wiggins v. Alameda County*, 717 F.2d 466, 467 (9th Cir. 1983), is misplaced. (Appellant, J.B. Hunt Transport, Inc.'s Resp. to Jurisdictional Question at 11). *Wiggins* addresses the "collateral order doctrine," which allows for interlocutory appeal of certain collateral issues prior to the entry of final judgment. *Wiggins*, 717 F.2d at 467.  It does not provide an exception to the rule that a magistrate judge's order must be appealed to the district court if we are to review it.  *Wiggins* only involved an appeal directly from the magistrate judge because the parties consented to trial by the magistrate judge under 28 U.S.C. 636(c). *See Wiggins*, 717 F.2d at 467.

4

J.B. Hunt argues that its motion for reconsideration was a proper appeal to the district court for purposes of establishing appellate jurisdiction in this court. (Am. Reply Br. of Appellant at 13).  However, even if this is what J.B. Hunt intended, the fact remains that the magistrate judge, and not the district court, addressed J.B. Hunt's motion for reconsideration.  If the motion was truly intended for the district court, and was addressed improperly by the magistrate judge, J.B. Hunt should have raised this issue with the district court.

Similarly, the fact that J.B. Hunt's objection to the magistrate's report and recommendations referenced its pending motion to reconsider, (Pl.'s Objections to Magistrate's Report and Recommendations, Doc. 156 at 1–2), does not impact our analysis.  Neither the report and recommendation itself, nor the district court's order adopting it, addressed J.B. Hunt's motion to join Northland pursuant to Fla. Stat. § 627.4136. (Order Approving Report of Magistrate Judge; Overruling Objections, Doc. 157).

J.B. Hunt does not argue that the district court erred in not addressing its motion to reconsider, but, instead, asks this court to review the substance of the magistrate judge's decision.[3]  We cannot review orders issued by magistrate

---

[3] We also note that the plain language of J.B. Hunt's motion suggests that J.B. Hunt was asking the magistrate judge to reconsider her decision, not asking the district judge to review the magistrate judge's decision.  J.B. Hunt's motion invokes the court's "inherent authority to reconsider its decisions," not the district court's authority to review a magistrate judge's order. (Pl.'s Mot. for Recons., Doc. 144 at 2).  J.B. Hunt also makes its motion "pursuant to Fed. R. of

judges.  Accordingly, we dismiss this portion of the appeal for lack of jurisdiction. *See McNab*, 240 F.3d 1327–28; *Renfro*, 620 F.2d at 500 (dismissing the portion of the appeal that asked the court to directly review a magistrate judge's order, but hearing the remainder of the appeal on the merits).

## IV.    Attorney's Fees, Expenses, and Costs

On the issue of attorney's fees, expenses, and costs, J.B. Hunt claims that the district court erred in four ways in denying its motions.  First, J.B. Hunt contends that it is entitled to attorney's fees, expenses, and costs under the terms of the Agreement.  Second, J.B. Hunt contends that the district court had discretion to award attorney's fees, expenses, and costs, and it abused this discretion by failing to award them.  Third, J.B. Hunt contends that S & D sought attorney's fees, expenses, and costs in its Answer, and is thus estopped from opposing J.B. Hunt's motion.  Fourth, J.B. Hunt contends that the district court's alternative basis for denying the motions—that J.B. Hunt failed to comply with Local Rule 7.3—was an abuse of discretion.  Because the district court held that J.B. Hunt failed to comply with Local Rule 7.3, which constituted an independently sufficient basis to deny J.B. Hunt's motions, we affirm.

---

Civ. P. 59(e)," which is not the proper basis for a district court's review of a magistrate judge's decision. (Pl.'s Mot. for Recons. at 2).

We review a district court's enforcement of its local rules for an abuse of discretion. *See Kilgo v. Ricks*, 983 F.2d 189, 192–93 (11th Cir. 1993) (reviewing a district court's dismissal of an action pursuant to a local rule for want of prosecution). "[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997).

J.B. Hunt contends that, because it had a motion to modify the judgment pending, the requirements of Local Rule 7.3 were tolled until the final judgment was entered. J.B. Hunt relies on *Members First Federal Credit Union v. Members First Credit Union of Florida*, 244 F.3d 806 (11th Cir. 2001), where we held that a Rule 59 motion to alter or amend the judgment suspends the finality of the district court's judgment for purposes of determining the timeliness of a motion for attorney's fees.

J.B. Hunt's argument fundamentally misapprehends the issue. As the district court properly noted, whether J.B. Hunt's motion to amend the judgment tolled the deadline to file motions for attorney's fees, expenses, and costs is irrelevant. Since J.B. Hunt chose to file such a motion anyway, it was required to do so consistent with the other requirements of Local Rule 7.3, *i.e.* "those not related to the timing of the motion." (Order Approving Report of Magistrate Judge; Overruling Objections, Doc. 157 at 2). The magistrate judge noted at least three

7

different ways in which J.B. Hunt failed to comply with Local Rule 7.3, which J.B. Hunt does not dispute: (1) J.B. Hunt did not provide S & D with a draft motion in order to enable a good faith negotiation on the topic; (2) J.B. Hunt did not provide a description of tasks done during the hours claimed; and (3) J.B. Hunt did not provide an invoice of expenses. (Report and Recommendation, Doc. 155 at 5).

J.B. Hunt also contends that it would have been impossible to comply with Local Rule 7.3.  But J.B. Hunt never sought relief from the district court in this regard, and, furthermore, J.B. Hunt stated in its motions that they were pursuant to and in compliance with Local Rule 7.3. (Pl.'s Mot. for an Award of Att'y Fees and Related Nontaxable Expenses, Doc. 117 at 1, 4); (Pl.'s Mot. to Tax Costs, Doc. 118 at 1, 3).

In light of the foregoing, we hold that the district court's denial of J.B. Hunt's motions for attorney's fees, expenses, and costs for failure to comply with Local Rule 7.3 was not an abuse of discretion.

Because we affirm the district court's denial of the motion for failure to comply with Local Rule 7.3, we need not address J.B. Hunt's other arguments.

## V.    Conclusion

In light of the foregoing, we dismiss the portion of the appeal based on the magistrate judge's refusal to join Northland pursuant to Fla. Stat. § 627.4136 and

affirm the district court's denial of J.B. Hunt's motions for attorney's fees, expenses, and costs.

**DISMISSED FOR LACK OF JURISDICTION IN PART AND AFFIRMED IN PART.**