[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11575

Non-Argument Calendar

_____

RONALD SATISH EMRIT,

Plaintiff-Appellant,

*versus*

SABINE AISHA JULES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:23-cv-00453-JHE

_____

Before ROSENBAUM, LUCK, and BRASHER. Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.

Ronald Emrit filed a notice of appeal in the above-listed civil action. While he did not designate a specific order for appeal, the only orders entered in the case were a magistrate judge's order granting leave to proceed *in forma pauperis* but directing the filing of an amended complaint, and his later order to show cause why the case should not be dismissed because Emrit failed to timely file an amended complaint. *See* Fed. R. App. P. 3(c) (providing that a notice of appeal must, among other things, "designate the judgment, order, or part thereof being appealed"). *But see Becker v. Montgomery*, 532 U.S. 757, 767 (2001) ("Imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court.").

Magistrate judge orders issued under the supervision of a district court "are not final orders and may not be appealed until rendered final by a district court." *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982). This Court has jurisdiction over an appeal from a final judgment entered by a magistrate judge only if the parties consented to the magistrate judge's jurisdiction over the case. *McNab v. J & J Marine, Inc.*, 240 F.3d 1326, 1327-28 (11th Cir. 2001); *see* 28 U.S.C. § 636(c)(3).

While there is no indication here that the parties consented to magistrate judge jurisdiction over the case, we lack jurisdiction even if they did, because the orders the magistrate judge issued do not constitute a final decision that may be immediately appealed. The order directing the filing of an amended complaint identified defects in Emrit's original complaint, but did not make any definitive determination regarding the existence of jurisdiction, the propriety of venue, or whether the complaint stated a viable claim. Instead, it simply found that the complaint needed to be recast before those determinations could be made, contemplating further proceedings. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) ("A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." (quotation marks omitted)); *Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018) (explaining that a district court order which "contemplates further substantive proceedings in a case is not final and appealable").

Even after Emrit did not amend his complaint by the magistrate judge's deadline and filed a notice of appeal, there was no final dismissal order because the magistrate judge had not yet held either that no amendment was possible or that the dismissal of the complaint constituted a dismissal of the action. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-22 (11th Cir. 2020); *Garfield v. NDC Health Cor.*, 466 F.3d 1255, 1260-61 (11th Cir. 2006) (explaining that when a complaint is involuntarily dismissed without prejudice with leave to amend, and the plaintiff elects to pursue an appeal before the time to amend expires

rather than amend the complaint, the plaintiff waives his right to amend, thereby rendering the dismissal order final and appealable); *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers*, *AFL-CIO*, 724 F.2d 1552, 1554-55 & n.4 (11th Cir. 1984) (explaining that the dismissal of a complaint, not of the action, is not a final order, unless the court holds either that no amendment is possible or that the dismissal of the complaint also constitutes a dismissal of the action). Indeed, the magistrate judge's order to show cause, entered after the time to amend expired, shows that the action had not yet been dismissed, and itself contemplated further proceedings before dismissal would take place. *Freyre*, 910 F.3d at 1377.

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.