**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12805

Non-Argument Calendar

_____

HAROLD JEAN-BAPTISTE,

*Plaintiff-Appellant,*

*versus*

UNITED STATES DEPARTMENT OF JUSTICE,

U.S. ATTORNEY GENERAL,

FEDERAL BUREAU OF INVESTIGATION (FBI),

DIRECTOR OF THE FEDERAL BUREAU OF

INVESTIGATION,

CIVIL PROCESS CLERK FOR THE U.S. ATTORNEY'S OFFICE

FOR THE SOUTHERN DISTRICT OF FLORIDA,

*Defendants-Appellees.*

2                        Opinion of the Court                        25-12805

—————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:25-cv-23412-EGT

—————————————

Before NEWSOM, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

Harold Jean-Baptiste, pro se, appeals from the magistrate judge's August 5, 2025 order dismissing his case with prejudice. We lack jurisdiction to review that order for the reasons explained below.

Jean-Baptiste filed a complaint on July 29, 2025. The following day, a magistrate judge entered an order informing the parties that the case had been assigned to a magistrate judge and that they could opt out of the magistrate judge's jurisdiction by filing a motion for case reassignment or consent to it by filing a statement of consent. The order further provided that, if a party did not file a motion for case reassignment within 14 days from that date or "14 days from the last appearance by any party joined in the action (whichever [was] later)," that party would be deemed to have consented to the magistrate judge's jurisdiction. Additionally, the order noted that the parties could impliedly consent by continuing to file documents without submitting a motion for case reassignment.

Six days later, on August 5, 2025, the magistrate judge dismissed the case with prejudice.

On appeal, a jurisdictional question asked the parties to address whether all parties to the action had consented to a magistrate judge conducting the proceedings, but no responses were received.

We lack jurisdiction over Jean-Baptiste's appeal because the parties did not consent to the magistrate judge's jurisdiction. *See United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (explaining that this Court generally lacks jurisdiction to hear appeals directly from magistrate judge orders); 28 U.S.C. § 636(c)(1) (providing that parties to an action may voluntarily consent to a magistrate judge exercising jurisdiction over "any or all proceedings in a jury or nonjury civil matter" and to "order the entry of judgment"). The defendants, who did not appear in the action, did not consent to the magistrate judge conducting the proceedings, and Jean-Baptiste did not file any document in the district court reflecting that he expressly consented to the magistrate judge's jurisdiction. *See Barnett v. Gen. Elec. Cap. Corp.*, 147 F.3d 1321, 1322 (11th Cir. 1998) (providing that a party must clearly and unambiguously consent to a magistrate judge's jurisdiction under § 636(c)(1)).

Furthermore, Jean-Baptiste's implied consent cannot be inferred from his conduct during the proceedings. *See Roell v. Withrow*, 538 U.S. 580, 582 (2003) (holding that consent can be "inferred from a party's conduct during litigation"). Jean-Baptiste's failure to file a motion for case reassignment did not constitute implied consent because he was not afforded the requisite opportunity to file such a motion or otherwise object to the magistrate

4                          Opinion of the Court                    25-12805

judge's jurisdiction. *See Roell*, 538 U.S. at 582, 589-91. Furthermore, Jean-Baptiste's conduct did not demonstrate that he voluntarily proceeded before the magistrate judge after being informed of his right to refuse to do so. *See id.* at 590 (providing that implied consent exists when "the litigant or counsel [is] made aware of the need for consent and the right to refuse it, and still voluntarily appear[s] to try the case before the Magistrate Judge").

     Accordingly, this appeal is DISMISSED for lack of jurisdiction. All pending motions are DENIED as moot.